UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,       : 15-cr-00348-ERK-VMS
                                :
      - versus -                : U.S. Courthouse
                                : Brooklyn, New York
RENDON-REYES, et al.            :
             Defendant          : April 5, 2017
------------------------------X


TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**


**For the Government:**          **Bridge M. Rohde, Esq.**
                                United States Attorney

                        BY:     **Taryn Merkl, Esq.**
                                **Margaret Lee, Esq.**
                                Assistant U.S. Attorney
                                271 Cadman Plaza East
                                Brooklyn, New York  11201


**For the Defendants:**
**Francisco Rendon-Reyes:**      **Len Kamdang, Esq.**
                                Federal Defenders of NY
                                One Pierrpont Plaza
                                Brooklyn, NY 11201


**Jovan Rendon-Reyes:**          **Richard B. Lind, Esq.**
                                880 Third Avenue
                                13th Flr.
                                New York, NY 10022


**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                61 Beatrice Ave.
                                West Islip, New York 11795
                                laferrara44@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

                      Proceedings

1              THE CLERK:  Criminal Cause for a Change of

2    Plea Hearing, case number 15-cr-348, United States v.

3    Francisco Rendon-Reyes and Jovan Rendon-Reyes.

4              Spanish interpreter, Rosa Olivera, previously

5    sworn present.

6    (INTERPRETER PREVIOUSLY SWORN)

7              THE CLERK:  Counsel, can you please state your

8    name for the record.

9              MS. MERKL:  Good morning, your Honor.

10             Taryn Merkl and Margaret Lee for the United

11   States.

12             MR. KAMDANG:  Good morning, your Honor.

13             Len Kamdang on behalf of Francisco Rendon-

14   Reyes, who is with me.

15             MR. LIND:  Good morning, your Honor.

16             Richard Lind for Jovan Rendon-Reyes.

17             THE COURT:  Okay.  Let me just check with the

18   deputy, is everything is all being picked up with the

19   mics?

20   (Court and deputy confer)

21             MR. LIND:  Okay.  I'll repeat that.

22             THE COURT:  All right.  Thanks.

23             MR. LIND:  Richard Lind for defendant Jovan

24   Rendon-Reyes.

25             THE COURT:  All right.  So good morning.  I'm

3

Proceedings

1    Vera Scanlon.  I'm a magistrate judge here in this court.

2    I understand we're here for two change of plea hearings,

3    is that right?

4            MS. MERKL:  Yes, your Honor.

5            MR. KAMDANG:  Yes, your Honor.

6            THE COURT:  All right.  We're going to do this

7    in an integrated fashion.  So if along the way anyone has

8    any concern, let me know and we're going to try by

9    repeating each individual defendant's name as we go

10   along, to make sure the record is clear as to whom the

11   translator is speaking on behalf of or whose counsel is

12   speaking.

13           If at some point along the way, counsel, you're

14   concerned about that, please say your name and your

15   client's name, just to make sure the transcript is clear

16   when the district judge gets it.

17           All right, so let's start first with the

18   government.  Are there victims of the offense and if so,

19   has the government fulfilled its obligation to notify

20   them of the hearing and their right to attend and be

21   heard today?

22           MS. MERKL:  Yes, your Honor.

23           THE COURT:  And so do you have any information

24   that any of them want to attend?

25           MS. MERKL:  No, your Honor.  Our victim

4

Proceedings

1   specialist provided the notice and my understanding is

2   that their intention is to participate at the time of

3   sentence but not today.

4           THE COURT:  Okay.  All right.  For each of the

5   defendants, I'm going to ask you to stand up and my

6   deputy, Ms. Quinlan, is going to administer an oath.

7   J O V A N   R E N D O N - R E Y E S ,

8       called as a witness, having been first duly sworn,

9       was examined and testified as follows:

10  F R A N C I S C O   R E N D O N - R E Y E S ,

11      called as a witness, having been first duly sworn,

12      was examined and testified as follows:

13          THE CLERK:  Thank you.  You can have a seat.

14          THE COURT:  All right.  So that first answer

15  was from Mr. Lind's client, Mr. Jovan Rendon-Reyes and

16  the second was from Mr. Francisco Rendon-Reyes.

17          For the defendants, as you may know, your case

18  has been assigned to the district judge, Judge Korman.

19  Judge Korman is the judge who will make the ultimate

20  decision as to whether to accept your guilty plea.  And

21  if he does, to sentence you.  You have the absolute right

22  to have the district judge listen to your plea without

23  any prejudice to you.

24          Mr. Jovan Rendon-Reyes, do you understand that?

25

5

Proceedings

1          DEFENDANT J. RENDON-REYES:  Yes.

2          THE COURT:  And Mr. Francisco Rendon-Reyes, do

3   you understand that?

4          DEFENDANT F. RENDON-REYES:  Yes.

5          THE COURT:  All right.  As we proceed today,

6   we're making a recording of today's proceeding.  That's

7   why I have been speaking to the lawyers and the

8   interpreter about using the microphones.

9          A transcript will be prepared from the

10  recording by a court reporter and it will be provided to

11  the district judge, Judge Korman.  Judge Korman will have

12  the opportunity to review the transcript of today's

13  proceeding in connection with deciding whether to accept

14  your plea and if he does, with your sentence.

15         Mr. Jovan Rendon-Reyes, do you wish to give up

16  your right to have the district judge, Judge Korman

17  listen to your plea and instead proceed here before me

18  today?

19         DEFENDANT J. RENDON-REYES:  Yes.

20         THE COURT:  Mr. Francisco Rendon-Reyes, do you

21  wish to give up your right to have the district judge,

22  Judge Korman listen to your plea and instead proceed here

23  before me today?

24         DEFENDANT F. RENDON-REYES:  Yes.

25         THE COURT:  All right.  For each of you I have

6

                              Proceedings

1   a form indicating that you've consented to having me, a

2   magistrate judge, hear your plea.  For each of you with

3   regard to this form, was it translated for you from

4   English to Spanish?

5              DEFENDANT J. RENDON-REYES:  Yes.

6              THE COURT:  Thank you.  Hang on.  Excuse me one

7   second.

8   (Pause)

9              THE COURT:  All right.  So what I am giving

10  you, my clerk just brought in is the Exhibit A for the

11  plea agreement.

12  (Pause)

13             THE COURT:  All right.  For each defendant, did

14  you go over this form with your attorney?

15             DEFENDANT J. RENDON-REYES:  Yes.

16             DEFENDANT F. RENDON-REYES:  Yes.

17             THE COURT:  All right.  Those answers were from

18  Jovan Rendon-Reyes, then Francisco Rendon-Reyes.

19             And are you in agreement with what is stated on

20  the form?

21             DEFENDANT J. RENDON-REYES:  Yes.

22             DEFENDANT F. RENDON-REYES:  Yes.

23             THE COURT:  Okay.  And I am going to hold up

24  for Mr. Jovan Rendon-Reyes, my copy of the form.  I'm

25  pointing to the first signature on the page.  Is that

7

Proceedings

1   your signature?

2          DEFENDANT J. RENDON-REYES:  Yes.

3          THE COURT:  And below that, Mr. Lind, is that

4   your signature?

5          MR. LIND:  Yes.

6          THE COURT:  And for the government, Ms. Merkl,

7   is that your signature?

8          MS. MERKL:  Yes, it is, your Honor.

9          THE COURT:  And for Mr. Francisco Rendon-Reyes,

10  similarly, I am going to hold up my copy of the form.

11  I'm pointing to the first signature, is that your

12  signature?

13         DEFENDANT F. RENDON-REYES:  Yes.

14         THE COURT:  And then Mr. Kamdang, is that your

15  signature below that?

16         MR. KAMDANG:  Yes, your Honor.

17         THE COURT:  And for the government, Ms. Merkl,

18  is that your signature?

19         MS. MERKL:  Yes.

20         THE COURT:  Okay.  For each of the defendants,

21  do you give your consent voluntarily and of your own free

22  will to proceed before me?  First Mr. Jovan Rendon-Reyes?

23         DEFENDANT J. RENDON-REYES:  Yes.

24         THE COURT:  And Mr. Francisco Rendon-Reyes,

25  same question?

8

Proceedings

1           DEFENDANT F. RENDON-REYES:  Yes.

2           THE COURT:  All right.  As to both of you, has

3  anyone made any threats or promises to you to induce you

4  to agree to have me hear your plea today?

5           DEFENDANT J. RENDON-REYES:  No.

6           DEFENDANT F. RENDON-REYES:  No.

7           THE COURT:  All right.  So for the defendants,

8  before I hear your plea, I am going to ask you a number

9  of questions in order to assure myself that your plea

10 will, in fact, be a valid plea.  As we go along today, if

11 you do not understand any of my statements or my

12 questions, please let me know and I'll reword the

13 question or the statement or try to explain it to the

14 best of my ability.

15          For each defendant, do you understand that you

16 have the right to be represented by an attorney at trial

17 and at every other stage of the criminal proceedings

18 including this one?  So first, Mr. Jovan Rendon-Reyes?

19          DEFENDANT J. RENDON-REYES:  Yes.

20          THE COURT:  And Mr. Francisco Rendon-Reyes?

21          DEFENDANT F. RENDON-REYES:  Yes.

22          THE COURT:  And do you understand that if you

23 can't afford an attorney, the Court would appoint counsel

24 to represent you?  So, Mr. Jovan Rendon-Reyes, do you

25 understand that?

9

Proceedings

1           DEFENDANT J. RENDON-REYES:  Yes.

2           THE COURT:  And Mr. Francisco Rendon-Reyes, do

3   you understand that?

4           DEFENDANT F. RENDON-REYES:  Yes.

5           THE COURT:  And for Mr. Lind and Mr. Kamdang,

6   are you both appointed counsel?

7           MR. KAMDANG:  Yes, your Honor.

8           MR. LIND:  Yes, Judge.

9           THE COURT:  All right.  For each of the

10  defendants, if at any time you would like to consult with

11  your attorney, please let me know and I'll let you do so.

12          Do you understand that, Mr. Jovan Rendon-Reyes?

13          DEFENDANT J. RENDON-REYES:  Yes, I understand.

14          DEFENDANT F. RENDON-REYES:  Yes.

15          THE COURT:  Okay.  I am going to remind you

16  earlier in this proceeding, Ms. Quinlan administered an

17  oath to you in which you promised to tell the truth.

18          DEFENDANT J. RENDON-REYES:  Yes.

19          DEFENDANT F. RENDON-REYES:  Yes.

20          THE COURT:  During the proceedings -- okay.  If

21  at any time you answer any of my questions falsely, your

22  answers may later be used against you in a separate

23  prosecution by the government for the crime of perjury or

24  the crime of making a false statement.

25          Do you understand?  First, Mr. Jovan Rendon-

Proceedings

1    Reyes?

2            DEFENDANT J. RENDON-REYES:  Yes.

3            THE COURT:  And then Mr. Francisco Rendon-

4    Reyes?

5            DEFENDANT F. RENDON-REYES:  Yes.

6            THE COURT:  All right.  So we're going to start

7    with some background information.  I'm going to talk

8    first to Mr. Jovan Rendon-Reyes and then we'll speak with

9    Mr. Francisco Rendon-Reyes.

10           So, Mr. Jovan Rendon-Reyes, for the record,

11   what's your full name?

12           DEFENDANT J. RENDON-REYES:  Jovan Rendon-Reyes.

13           THE COURT:  And how old are you?

14           DEFENDANT J. RENDON-REYES:  30.

15           THE COURT:  And what's your highest level of

16   education?

17           DEFENDANT J. RENDON-REYES:  Elementary school.

18           THE COURT:  So how old were you when you

19   finished school?

20           DEFENDANT J. RENDON-REYES:  11.

21           THE COURT:  And where did you go to school?

22           DEFENDANT J. RENDON-REYES:  In San Miguel

23   Lascala in Insango Lascala (ph.).

24           THE COURT:  And in what country is that?

25           DEFENDANT J. RENDON-REYES:  Mexico.

11

                              Proceedings

1            THE COURT:  And since you were 11 years old,

2    have you had any formal education?

3            DEFENDANT J. RENDON-REYES:  No.

4            THE COURT:  All right.  I'm going to ask you a

5    slightly different question.  Are you presently or have

6    you recently been under the care of a doctor?

7            DEFENDANT J. RENDON-REYES:  No.

8            THE COURT:  Are you presently or have you

9    recently been under the care of any mental health

10   professional, such as a psychologist, psychiatrist,

11   social worker?

12           DEFENDANT J. RENDON-REYES:  No.

13           THE COURT:  Have you ever been hospitalized or

14   treated for a mental illness?

15           DEFENDANT J. RENDON-REYES:  No.

16           THE COURT:  Have you ever been hospitalized or

17   treated for an addiction to drugs or alcohol?

18           DEFENDANT J. RENDON-REYES:  Once I was

19   hospitalized because I overdosed on drugs.

20           THE COURT:  And when was that?

21           DEFENDANT J. RENDON-REYES:  In 2008.

22           THE COURT:  And did you have any follow-up

23   treatment after you were hospitalized for that overdose?

24           DEFENDANT J. RENDON-REYES:  No.

25           THE COURT:  Is there anything about that

12

Proceedings

1   experience that would affect your ability to understand

2   what's going on here today?

3          DEFENDANT J. RENDON-REYES:  No, I do understand

4   what's going on.

5          THE COURT:  Okay.  The purpose of all of these

6   questions is for me and in turn, the district judge, to

7   understand and be confident that you understand this

8   whole process.  So that's why I am asking you these

9   background questions.  So if there is anything that

10  affects your ability to understand what's going on here

11  today, I need to know about that.

12          So similarly, in the past 48 hours have you

13  consumed any narcotic drugs?

14          DEFENDANT J. RENDON-REYES:  No, no.

15          THE COURT:  In the past 48 hours, have you

16  consumed any alcoholic beverages?

17          DEFENDANT J. RENDON-REYES:  No.

18          THE COURT:  In the past 48 hours, have you

19  taken any medications?

20          DEFENDANT J. RENDON-REYES:  No.

21          THE COURT:  So is your mind clear as you sit

22  here today?

23          DEFENDANT J. RENDON-REYES:  Yes.

24          THE COURT:  And do you understand what's going

25  on?

13

                         Proceedings

1               DEFENDANT J. RENDON-REYES:  Yes.

2               THE COURT:  All right.  I'm going to ask Mr.

3    Francisco Rendon-Reyes the same set of questions.

4               What's your full name?

5               DEFENDANT F. RENDON-REYES:  Francisco Javier

6    Rendon-Reyes.

7               THE COURT:  And how old are you?

8               DEFENDANT F. RENDON-REYES:  28.

9               THE COURT:  What's the highest level of

10   education that you've completed?

11              DEFENDANT F. RENDON-REYES:  Elementary school.

12              THE COURT:  And how old were you when you

13   finished school?

14              DEFENDANT F. RENDON-REYES:  11.

15              THE COURT:  And since you were 11 years old,

16   have you had any formal schooling or education?

17              DEFENDANT F. RENDON-REYES:  No.

18              THE COURT:  Are you presently or have you

19   recently been under the care of a doctor?

20              DEFENDANT F. RENDON-REYES:  No.

21              THE COURT:  Are you presently or have you

22   recently been under the care of any mental health

23   professional such as a psychiatrist, psychologist or

24   social worker?

25              DEFENDANT F. RENDON-REYES:  No.

Proceedings

1          THE COURT:  Have you ever been hospitalized or

2   treated for a mental illness?

3          DEFENDANT F. RENDON-REYES:  No.

4          THE COURT:  Have you ever been hospitalized or

5   treated for an addiction to drugs or alcohol?

6          DEFENDANT F. RENDON-REYES:  No.

7          THE COURT:  In the past 48 hours, have you

8   consumed any narcotic drugs?

9          DEFENDANT F. RENDON-REYES:  No.

10          THE COURT:  In the past 48 hours, have you

11   consumed any alcohol?

12          DEFENDANT F. RENDON-REYES:  No.

13          THE COURT:  In the past 48 hours, have you

14   taken any medications?

15          DEFENDANT F. RENDON-REYES:  No.

16          THE COURT:  Is your mind clear as you sit here

17   today?

18          DEFENDANT F. RENDON-REYES:  Yes.

19          THE COURT:  Do you understand what's going on

20   here?

21          DEFENDANT F. RENDON-REYES:  Yes.

22          THE COURT:  All right.  Now I am going to ask

23   your lawyer some questions.

24          Mr. Lind, have you discussed this case with

25   your client?

15

Proceedings

1         MR. LIND:  Yes, your Honor.

2         THE COURT:  Do you speak Spanish?

3         MR. LIND:  No.

4         THE COURT:  Have you had the assistance of a

5    translator, an interpreter, when you've been discussing

6    this case with your client?

7         MR. LIND:  Each time I have.

8         THE COURT:  Have you had any difficulty

9    communicating with  your client about the case?

10        MR. LIND:  No.

11        THE COURT:  In your opinion, is your client who

12   is Jovan Rendon-Reyes, capable of understanding the

13   nature of these proceedings?

14        MR. LIND:  Yes, your Honor.

15        THE COURT:  In your opinion, does he understand

16   the rights he'll be waiving if he decides to go ahead

17   with his guilty plea?

18        MR. LIND:  Yes, Judge.

19        THE COURT:  Do you have any doubt as to his

20   competence to plead at this time?

21        MR. LIND:  No.

22        THE COURT:  Have you informed him of the

23   maximum sentence and other possible sentencing

24   consequences?

25        MR. LIND:  Yes, Judge.

16

Proceedings

1           THE COURT:  And have you discussed with him the
2  operation of the sentencing guidelines?
3           MR. LIND:  Yes, your Honor.
4           THE COURT:  Similarly, Mr. Kamdang, for your
5  client, Mr. Francisco Rendon-Reyes, have you discussed
6  the matter with your client?
7           MR. KAMDANG:  Yes, your Honor.
8           THE COURT:  Are you fluent in Spanish?
9           MR. KAMDANG:  Not fluent.
10          THE COURT:  Okay.  In discussing this matter --
11          MR. KAMDANG:  I wish.
12          THE COURT:  In discussing this matter with your
13  client, have you had the assistance of an interpreter or
14  a translator?
15          MR. KAMDANG:  At all times, I used an
16  interpreter.
17          THE COURT:  Have you had any difficulty
18  communicating with your client?
19          MR. KAMDANG:  No, your Honor.
20          THE COURT:  In your opinion, is your client
21  capable of understanding the nature of these proceedings?
22          MR. KAMDANG:  Yes.
23          THE COURT:  In your opinion, does Mr. Francisco
24  Rendon-Reyes under the rights he'll be waiving if he
25  decides to go ahead with his guilty plea?

17

Proceedings

1      MR. KAMDANG:  Yes.

2      THE COURT:  Do you have any doubt as to his

3  competence to plead at this time?

4      MR. KAMDANG:  No.

5      THE COURT:  Have you advised him of the maximum

6  sentence and other possible sentencing consequences?

7      MR. KAMDANG:  Yes.

8      THE COURT:  Have you discussed with him the

9  operation of the sentencing guidelines?

10      MR. KAMDANG:  Yes.

11      THE COURT:  All right.  For each of the

12  defendants, I am going to ask you about your interaction

13  with your attorney.  So for Mr. -- well, I will ask the

14  question and then ask for each of your respective

15  responses.

16      Have you had a sufficient opportunity to

17  discuss this case with your attorney?  Mr. Jovan Rendon-

18  Reyes?

19      DEFENDANT J. RENDON-REYES:  Yes.

20      THE COURT:  And Mr. Francisco Rendon-Reyes?

21      DEFENDANT F. RENDON-REYES:  Yes.

22      THE COURT:  In discussing your case with your

23  respective attorneys, have you had the assistance of a

24  Spanish language interpreter?  Mr. Jovan Rendon-Reyes?

25      DEFENDANT J. RENDON-REYES:  Yes.

Proceedings

1          THE COURT:  And Francisco Rendon-Reyes?

2          DEFENDANT F. RENDON-REYES:  Yes.

3          THE COURT:  Are you eaach fully satisfied with

4   the reresentation and advice given to you in this case by

5   your attorney?  So for Mr. Jovan Rendon-Reyes, that would

6   be Mr. Lind and for Mr. Francisco Rendon-Reyes, that

7   would be Mr. Kamdang.

8          So Mr. Jovan Rendon-Reyes, what's your response

9   to that question which is are you fully satisfied with

10  the advice --

11         DEFENDANT J. RENDON-REYES:  Yes, I am

12  satisfied.

13         THE COURT:  -- representation and advice given

14  to you in this case by your attorney?  All right.

15         Same question for you, Mr. Francisco Rendon-

16  Reyes.

17         DEFENDANT F. RENDON-REYES:  Yes.

18         THE COURT:  All right.  For eaach of the

19  defendant, have you received a copy of this document

20  called the indictment?  I'm holding up my copy.  All

21  right.

22         So have you, Mr. Jovan Rendon-Reyes, have you

23  received a copy of the indictment?

24         DEFENDANT J. RENDON-REYES:  Yes.

25         THE COURT:  And Francisco Rendon-Reyes, do you

19

Proceedings

1   have a copy of --

2          DEFENDANT F. RENDON-REYES:  Yes.

3          THE COURT:  All right.  You've received a copy

4   of the indictment, is that correct?

5          DEFENDANT J. RENDON-REYES:  Yes.

6          DEFENDANT F. RENDON-REYES:  Yes.

7          THE COURT:  For each of you, was the document

8   translated from English to Spanish?

9          DEFENDANT J. RENDON-REYES:  Yes.

10          DEFENDANT F. RENDON-REYES:  Yes.

11          THE COURT:  And for each of you, did you review

12   the indictment with your respective attorneys?  Mr. Jovan

13   Rendon-Reyes?

14          DEFENDANT J. RENDON-REYES:  Yes.

15          DEFENDANT F. RENDON-REYES:  Yes.

16          THE COURT:  And for each of you, did you go

17   over the particular counts in the indictment to which

18   it's proposed that you're going to plead guilty?  Mr.

19   Jovan Rendon-Reyes?

20          DEFENDANT J. RENDON-REYES:  Yes.

21          THE COURT:  And Mr. Francisco Rendon-Reyes?

22          DEFENDANT F. RENDON-REYES:  Yes.

23          THE COURT:  All right.  Counsel, do you want me

24   to read the particular charges to which it's proposed

25   your respective clients are going to plead guilty?

Proceedings

1          MR. LIND:  Judge -- oh, I am sorry, go ahead.

2          MR. KAMDANG:  Not on behalf of Mr. Francisco

3  Rendon-Reyes.

4          MR. LIND:  On behalf of Jovan, I waive a public

5  reading.

6          THE COURT:  All right.  For the defendants, I

7  am going to explain some of your rights in the American

8  legal system, particularly as they relate to this plea

9  proceeding.

10          The first and most important thing you should

11  understand is that you do not have to plead guilty, even

12  if you are guilty.  Under the American legal system, the

13  government or the prosecution has the burden of proving

14  the guilt of a defendant beyond a reasonable doubt. If

15  the government can't do that or doesn't do that, the jury

16  at your trial would have the duty to find the defendant

17  not guilty even if the defendant is guilty.

18          Do you understand that?  So first, Mr. Jovan

19  Rendon-Reyes?

20          DEFENDANT J. RENDON-REYES:  Yes.

21          THE COURT:  And Mr. Francisco Rendon-Reyes?

22          DEFENDANT F. RENDON-REYES:  Yes.

23          THE COURT:  So what it means for you is even if

24  you are guilty of the charges against you, you have a

25  choice.  It's up to each of you for yourself to decide

21

Proceedings

1   what to do in your case.  It's not your lawyer's

2   decision, your family's decision, or anyone else's

3   decision.

4           You may withdraw your previously entered plea

5   of not guilty and plead guilty as I'm told you wish to do

6   or you could decide to go to trial.  If you would like to

7   go to trial, you would simply persist in your plea of not

8   guilty.

9           In doing so, you would make the government meet

10  its burden of proving your guilt beyond a reasonable

11  doubt and as I explained a few minutes ago, if the

12  government failed in that, the jury has the duty to find

13  the defendant not guilty.

14          Do you understand those rights?  First Mr. --

15          DEFENDANT J. RENDON-REYES:  Yes.

16          DEFENDANT F. RENDON-REYES:  Yes.

17          THE COURT:  All right.  So that was from Jovan

18  Rendon-Reyes first and then Francisco Rendon-Reyes.

19          So you should know that as sometimes happened

20  in American courtrooms, including in this courthouse,

21  that a jury has returned a verdict of not guilty even

22  though everyone else in the courtroom thought the

23  defendant was guilty.

24          What the jurors were saying in that case, was

25  not that the defendant wasn't guilty but instead that the

22

Proceedings

1  government had failed to prove the defendant's guilt

2  beyond a reasonable doubt.

3         So what this means for you is even if you are

4  guilty, you have a choice.  You could say to the

5  government, prove the case against me.  If you would like

6  to do that, you exercise that right by saying not guilty

7  when I ask you how you plead.

8         If you plead not guilty, under the

9  Constitution and the laws of the United States, you are

10 entitled to a speedy and public trial by a jury with the

11 assistance of your lawyer on the charges contained in the

12 indictment which has been filed with the Court.  The

13 indictment is this thick document that I mentioned

14 earlier, which you confirmed that you had seen and had

15 been translated for you.

16        Do you understand your rights as I have

17 described them so far, Mr. Jovan Rendon-Reyes?

18        DEFENDANT J. RENDON-REYES:  Yes, I understand.

19        THE COURT:  And Mr. Francisco Rendon-Reyes?

20        DEFENDANT F. RENDON-REYES:  Yes.

21        THE COURT:  Were you to go to trial in this

22 case, you would be presumed innocent.  You would have not

23 any burden to prove your innocence.  Instead, it would be

24 the government's burden to overcome the presumption of

25 innocence and prove you guilty by competent evidence and

23

Proceedings

1  beyond a reasonable doubt.

2          And as I said earlier, if the government failed

3  to prove its case beyond a reasonable doubt, the jurors

4  would have the duty to find you not guilty.

5          Do you understand?  First Mr. Jovan Rendon-

6  Reyes?

7          DEFENDANT J. RENDON-REYES:  Yes.

8          DEFENDANT F. RENDON-REYES:  Yes.

9          THE COURT: By pleading guilty, which is what's

10 proposed that you're going to do today, you are giving up

11 your right to have the United States government satisfy

12 its burden of proving you guilty beyond a reasonable

13 doubt.   Instead, you will be admitting your guilt.

14         So, do you understand that?

15         DEFENDANT J. RENDON-REYES:  Yes.

16         DEFENDANT F. RENDON-REYES:  Yes.

17         THE COURT:  In the course of a trial, witnesses

18 for the government would have to come to court and

19 testify in your presence.  Your lawyer would have the

20 right to cross-examine the witnesses for the government,

21 to object to the evidence offered by the government and

22 to offer witnesses and other evidence on your behalf.

23         Your lawyer would also have the right to

24 subpoena or to compel witnesses to come to court and to

25 testify.

24

Proceedings

1      Do you understand these rights?  First Mr.
2  Jovan Rendon-Reyes?
3          DEFENDANT J. RENDON-REYES:  Yes.
4          THE COURT:  And Mr. Francisco Rendon-Reyes?
5          DEFENDANT F. RENDON-REYES:  Yes.
6          THE COURT:  If you decided to go ahead with
7  your guilty plea, and I recommend that the district judge
8  accept your plea and that's what the district judge does,
9  you're giving up these rights.  You're giving up your
10  right to confront the witness who testify against you.
11  You're giving up your right to offer evidence on your own
12  behalf.  You're giving up the right to have witnesses
13  come to court to testify.  You are giving up your right
14  to raise any defenses you may have.  You are giving up
15  your right to have a trial in this case.
16          Do you understand?
17          DEFENDANT J. RENDON-REYES:  Yes.
18          DEFENDANT F. RENDON-REYES:  Yes.
19          THE COURT:  All right.  That was first from Mr.
20  Jovan Rendon-Reyes and then from Mr. Francisco Rendon-
21  Reyes.
22          Were you to go to trial in this case, which you
23  have the right to do, you would have the right to testify
24  at the trial on your own behalf.  It would be your choice
25  if you wanted to do that but you could not be required to

25

Proceedings

1    testify at your trial.

2           Under the Constitution of the United States, a

3    defendant in a criminal case cannot be forced to take the

4    witness stand at his trial and say anything that could be

5    used against him to show that he is guilty of the crime

6    or crimes with which he is charged.

7           So if you decoded at your trial not to testify,

8    the judge would instruct the jurors that the jurors could

9    not hold the fact against you.  This is called exercising

10   your right against self-incrimination.  That's sometimes

11   referred to as taking the Fifth.

12          Do you understand?

13          DEFENDANT J. RENDON-REYES:  Yes.

14          THE COURT:  And Mr. Francisco Rendon-Reyes?

15          DEFENDANT F. RENDON-REYES:  Yes.

16          THE COURT:  If you decided to go ahead with

17   your guilty plea, you will be admitting your guilt and

18   giving up this right against self-incrimination.  If you

19   plead guilty, I'm going to have to ask you questions

20   about what you did in order to satisfy myself and in turn

21   Judge Korman, that you are in fact guilty of the charge

22   to which or charges to which you are pleading.

23          You are going to have to answer my questions

24   truthfully and acknowledge your guilt.  And I remind you

25   that Ms. Quinlan administered an oath earlier to each of

26

Proceedings

1   you in which you swore to answer my questions truthfully.

2           Do you understand that?

3           DEFENDANT J. RENDON-REYES:  Yes.

4           THE COURT:  First Mr. Jovan?

5           DEFENDANT J. RENDON-REYES:  Yes.

6           THE COURT:  And Mr. Francisco Rendon-Reyes?

7           DEFENDANT F. RENDON-REYES:  Yes.

8           THE COURT:  All right.  If you decide to go

9   ahead with your plea, it's not going to be enough for you

10  to simply say that you're guilty.  You're going to have

11  to tell me what it is that you did such that you are

12  guilty of the particular charge to which you're pleading.

13          Do you understand?

14          DEFENDANT J. RENDON-REYES:  Yes.

15          THE COURT:  And for Mr. Francisco Rendon-Reyes?

16          DEFENDANT F. RENDON-REYES:  Yes.

17          THE COURT:  All right.  If you plead guilty and

18  I recommend that the district judge, Judge Korman, accept

19  your plea and that's what he does, you will be giving up

20  your constitutional rights with regard to this

21  proceeding, so particularly your right to a trial and all

22  the other rights that I have just went over.  There's not

23  going to be a trial in your case if you decide to go

24  ahead with your guilty plea.

25          The district judge, if he accepts your plea,

27

Proceedings

1  will simply enter a judgment of guilty on the basis of

2  your plea.

3           Do you understand?  First Mr. Jovan Rendon-

4  Reyes?

5           DEFENDANT J. RENDON-REYES:  Yes.

6           THE COURT:  Then Mr. Francisco Rendon-Reyes?

7           DEFENDANT F. RENDON-REYES:  Yes.

8           THE COURT:  If after you are sentenced, you or

9  your attorney thinks the Court has not properly followed

10  the law in sentencing you, you can appeal your sentence

11  to a higher court.  But by pleading guilty, you will not

12  except under limited circumstances, be able to challenge

13  your judgment of conviction by appeal or collateral

14  attack.

15           Do you understand that?

16           DEFENDANT J. RENDON-REYES:  Yes.

17           THE COURT:  And Mr. Francisco Rendon-Reyes?

18           DEFENDANT F. RENDON-REYES:  Yes.

19           THE COURT:  All right.  We're going to go over

20  your plea agreement in a few minutes but as it relates to

21  your appellate rights, I want to draw your attention to a

22  particular part of your agreement.

23           So for Mr. Jovan Rendon-Reyes, there's a

24  limitation in the agreement with regard to your appellate

25  rights.  Specifically, paragraph 4 of the agreement

28

Proceedings

1    provides as follows:

2            The defendant agrees not to file an appeal or

3    otherwise challenge by petition pursuant to 28 USC, which

4    stands for United States Code, Section 2255, or any other

5    provision, the conviction or sentence in the event that

6    the Court imposes a term of imprisonment -- there's a

7    word missing, I think it should say of, 365 months or

8    below.

9            All right.  So, Mr. Jovan Rendon-Reyes, do you

10   understand that limitation on your appellate rights?

11           DEFENDANT J. RENDON-REYES:  Yes.

12           THE COURT:  Okay.

13           THE COURT:  And Mr. Francisco Rendon-Reyes?

14           DEFENDANT F. RENDON-REYES:  Yes.

15           THE COURT:  Hang on.  Yours is different.

16   Yours is very different from Mr. Jovan Rendon-Reyes.

17   Paragraph 4 of your agreement says:

18           The defendant agrees not to file an appeal or

19   otherwise challenge by petition pursuant to 28 USC, which

20   I said stands for United States Code, Section 2255, or

21   any other provision, the conviction or sentence in the

22   event that the Court imposes a term of imprisonment of

23   151 months or below.

24           Do you understand that limitation?

25           DEFENDANT F. RENDON-REYES:  Yes.

29

Proceedings

1      THE COURT:  Okay.  All right.  We're going to
2  go over the plea agreements now.  For each of you, there
3  are some differences between the agreements but there are
4  also many similarities.  So I'll try to draw your
5  attention to the parts where it's the same and the parts
6  where it's different.

7          Again, if I get something wrong, if counsel can
8  correct me, I would appreciate it.  All right.  So I am
9  looking at what's the original copy of Mr. Jovan Rendon-
10 Reyes' plea agreement.  So it's the original document
11 which also includes Exhibit A which is the financial
12 declaration and then similarly for Mr. Francisco Rendon-
13 Reyes, there's the plea agremenet which is -- which also
14 includes Exhibit A.

15         All right.  To try to keep this straight, so it
16 doesn't get confused, I have marked Mr. Jovan Rendon-
17 Reyes' plea agreement as Court -- I'm sorry, as
18 Government's Exhibit 1 and Mr. Francisco Rendon-Reyes'
19 plea agreement as Court -- sorry, as Government's Exhibit
20 2.  So is that clear, Government's Exhibit 1 is Mr.
21 Jovan Rendon-Reyes' plea agreement and Government's
22 Exhibit 2 is Francisco Rendon-Reyes' plea agreement .

23         Does everyone understand the documents we're
24 talking about?  So counsel?

25         MR. LIND:  Yes, Judge.

30

Proceedings

1          MR. KAMDANG:  Yes, your Honor.

2          THE COURT:  All right.  And then for Mr. Jovan

3   Rendon-Reyes, do you understand?

4          DEFENDANT J. RENDON-REYES:  Yes, Judge.

5          THE COURT:  And Mr. Francisco Rendon-Reyes?

6          DEFENDANT F. RENDON-REYES:  Yeah.

7          THE COURT:  All right.  So for Jovan Rendon-

8   Reyes, I am going to hold up my copy of the plea

9   agreement on page 13 in the middle of the page, it says,

10  "I have read the entire agreement and discussed it with

11  my attorney.  I understand all of its terms and I am

12  entering into it knowingly and voluntarily."

13         Mr. Jovan Rendon-Reyes, is that a correct

14  statement?

15         DEFENDANT J. RENDON-REYES:  Yes.

16         THE COURT:  All right.  And was this plea

17  agreement which is now Government's Exhibit 1 translated

18  for you from English to Spanish?

19         DEFENDANT J. RENDON-REYES:  Yes.

20         THE COURT:  All right.  Was the translator

21  Sonya Barra (ph.)?

22         MR. LIND:  Well, I know it was.  I don't know

23  if it --

24         THE COURT:  All right.  You don't know if he

25  was --

31

Proceedings

1          MR. LIND:  -- do you remember her name?

2          DEFENDANT J. RENDON-REYES:  No, I don't

3   remember.

4          THE COURT:  All right.  Did someone who spoke

5   English and Spanish translate --

6          DEFENDANT J. RENDON-REYES:  Yes.

7          THE COURT:  -- the plea agreement for you?

8          DEFENDANT J. RENDON-REYES:  Yes.

9          THE COURT:  All right.  I am going to hold up

10  my copy and point to the first signature below the

11  sentence that says I have read, etc cetera.  Is that your

12  signature?

13         DEFENDANT J. RENDON-REYES:  Yes.

14         THE COURT:  All right.  Mr. Lind, below that,

15  is that your signature?

16         MR. LIND:  Yes, Judge.

17         THE COURT:  All right.  And for the government,

18  the first signature on the page, Ms. Lee, is that your

19  signature?  Is that you?

20         MS. LEE:  Yes, your Honor.

21         THE COURT:  And then Ms. Merkl, is that your

22  signature?

23         MS. MERKL:  Yes.

24         THE COURT:  Mr. Francisco Rendon-Reyes, your

25  plea agreement is Government's Exhibit 2.  Similarly, I

32

Proceedings

1   am going to show the last page of your document which is

2   page 12 and it says in the middle of the page, "I have

3   read the entire agreement and discussed it with my

4   attorney.  I understand all of its terms and I am

5   entering into it knowingly and voluntarily."

6           Is that a correct statement?

7           DEFENDANT F. RENDON-REYES:  Yes.

8           THE COURT:  All right.  I am going to hold up

9   my copy.  Right below where the paragraph says, "I have

10  read," is that your signature?

11          DEFENDANT F. RENDON-REYES:  Yes.

12          THE COURT:  And then Mr. Kamdang, is that your

13  signature?

14          MR. KAMDANG:  Yes, your Honor.

15          THE COURT:  And do you know who the translator

16  was?

17          MR. KAMDANG:  Yes, Deanna Rosa who is a native

18  Spanish-speaker who is currently in our office.

19          THE COURT:  And Mr. Francisco Rendon-Reyes, was

20  this plea agreement translated for you from English to

21  Spanish?

22          DEFENDANT F. RENDON-REYES:  Yes.

23          THE COURT:  And for the government, Ms. Lee,

24  the first signature on page 12 of Mr. Francisco Rendon-

25  Reyes's document, is that your signature?

Proceedings

1        MS. LEE:  Yes, your Honor.

2        THE COURT:  And Ms. Merkl, is that your

3 signature?

4        MS. MERKL:  Yes.

5        THE COURT:  Okay.  For each of the counsel,

6 were all formal plea offers by the United States

7 government conveyed to your respective clients?  Mr.

8 Lind?

9        MR. LIND:  I'm sorry, Judge.  I was just

10 looking at something.  I apologize.  Do you want to

11 restate your question?

12        THE COURT:  Yes, the question is were all

13 formal plea offers extended by the government

14 communicated to your client?

15        MR. LIND:  Yes, Judge.

16        THE COURT:  And Mr. Kamdang, same question?

17        MR. KAMDANG:  Yes, your Honor.

18        THE COURT:  For each of the defendants, with

19 regard to your respective plea agreement which again for

20 the record for Mr. Jovan Rendon-Reyes is marked as

21 Government's Exhibit 1 and for Mr. Francisco Rendon-Reyes

22 is marked as Exhibit 2.

23        Was the document translated for you from

24 English to Spanish?

25        DEFENDANT J. RENDON-REYES:  Yes.

34

Proceedings

1          THE COURT:  Okay.  And for each of you, was the

2    person who translated someone who was fluent in English

3    and Spanish?

4          DEFENDANT F. RENDON-REYES:  Yes.

5          THE COURT:  Okay.  That was from Mr. Francisco

6    Rendon-Reyes.  Mr. J. Rendon-Reyes, same question?

7          DEFENDANT J. RENDON-REYES:  Yes.

8          THE COURT:  Okay.  All right.  Each of you, did

9    you review your respective plea agreement with your

10   lawyer?  Mr. Jovan Rendon-Reyes?

11         DEFENDANT J. RENDON-REYES:  Yes.

12         DEFENDANT F. RENDON-REYES:  Yes.

13         THE COURT:  All right.  And when you were

14   revieiwng the plea agreement with your lawyer, did you

15   have the assistance of a Spanish language interpreter?

16   Mr. Jovan Rendon-Reyes?

17         DEFENDANT J. RENDON-REYES:  Yes.

18         THE COURT:  And Mr. Francisco Rendon-Reyes?

19         DEFENDANT F. RENDON-REYES:  Yes.

20         THE COURT:  All right.  For each of you, do you

21   understand all of the terms of the plea agreement?

22         DEFENDANT J. RENDON-REYES:  Yes.

23         THE COURT:  And Mr. Francisco Rendon-Reyes?

24         DEFENDANT F. RENDON-REYES:  Yes.

25         THE COURT:  All right.  Does the written plea

Proceedings

1    agreement accurately represent your entire undersatnding

2    or aagreement that you have with the government?

3              DEFENDANT J. RENDON-REYES:  Yes.

4              THE COURT:  I'm sorry.  Who answered that?  Was

5    that Mr. Jovan --

6              MR. LIND:  Jovan.  That was Jovan.

7              THE COURT:  Okay.  All right.  Francisco

8    Rendon-Reyes?

9              DEFENDANT F. RENDON-REYES:  Yes.

10             THE COURT:  Okay.  Has anyone -- this is for

11   each of you.  Has anyone made any promise or assurance to

12   you that's not included in your respective plea agreement

13   in order to persuade you to accept the plea agreement?

14   Mr. Jovan Rendon-Reyes?

15             DEFENDANT J. RENDON-REYES:  No.

16             THE COURT:  And Mr. Francisco Rendon-Reyes?

17             DEFENDANT F. RENDON-REYES:  No.

18             THE COURT:  For each of you, has anyone

19   threatened you in any way to persuade you to accept the

20   plea agreement?  Mr. Jovan Rendon-Reyes?

21             DEFENDANT J. RENDON-REYES:  No.

22             THE COURT:  And Mr. Francisco Rendon-Reyes?

23             DEFENDANT F. RENDON-REYES:  No.

24             THE COURT:  All right.  Defense counsel, have

25   each of you read and reviewed with your client the

36

Proceedings

1  written plea agreement that's before the court?  So

2  that's Government's Exhibit 1 for Mr. Jovan Rendon-Reyes

3  and Government's Exhibit 2 for Francisco Rendon-Reyes.

4  Mr. Lind?

5          MR. LIND:  I've read it both -- I've read it,

6  Judge.

7          THE COURT:  Okay.  And Mr. Kamdang?

8          MR. KAMDANG:  Yes, your Honor.

9          THE COURT:  And have each of you reviewed the

10  document for each of your respective clients with your

11  client?  Mr. Lind?

12          MR. LIND:  Yes, I have and always with the

13  assistance of a Spanish interpreter.

14          THE COURT:  Mr. Kamdang?

15          MR. KAMDANG:  Yes, your Honor.

16          THE COURT:  All right.  For each of the

17  defendants, if you fail to comply with the agreement that

18  you're entering into with the United States government,

19  the government will be released from its obligations but

20  you will not be released from your plea of guilty.  Do

21  you understand that?

22          DEFENDANT J. RENDON-REYES:  Yes.

23          THE COURT:  And Mr. Francisco Rendon-Reyes?

24          DEFENDANT F. RENDON-REYES:  Yes.

25          THE COURT:  All right.  At this stage, I'm

37

Proceedings

1   going to go over the possible sentencing consequences.

2   Since what's being proposed is that each of you may plead

3   to different charges in the indictment, this is a little

4   bit -- this is different as to each of you.  So first I

5   am going to go over Mr. Jovan Rendon-Reyes' possible

6   sentencing consequences.  These are covered in paragraph

7   1 of your agreement and then we'll go over Mr. Francisco

8   Rendon-Reyes' possible sentencing consequences.

9            So with regard to Mr. Jovan Rendon-Reyes,

10  what's proposed is that you're going to plead guilty to

11  Count 1 and Count 14 of the indictment.  And you're going

12  to admit to racketeering acts with regard to your

13  participation in sex trafficking of Jane Doe #1 which is

14  set forth in Racketeering Act 3(a) and Count 7.  I'm

15  talking about the indictment.

16           Sex trafficking of minor Jane Doe #5 which is

17  alleged in Racketeering Act 7(a) and Count 14.  And Sex

18  trafficking of Jane Doe, #6, it's alleged in Racketeering

19  Act 8A and Count 17.

20           All right.  Do you understand that?

21           DEFENDANT J. RENDON-REYES:  Yes.

22           THE COURT:  All right.  Do you understand what

23  I just read relates back to the indictment which is the

24  document that we discussed earlier today?

25           DEFENDANT J. RENDON-REYES:  Yes.

38

Proceedings

1      THE COURT:  All right.  So with regard to Count

2  1, the maximum term of imprisonment is life.  The minimum

3  term of imprisonment is no time in prison.  The maximum

4  supervised release term is five years which would follow

5  any term of imprisonment.

6      If a condition of release is violated, you may

7  be sentenced for up to five years without credit for pre-

8  release imprisonment or time previously served on post-

9  release supervision.

10      For each of the defendants, I am going to

11  explain briefly supervised release.  While on supervised

12  release, there may be many restrictions placed on your

13  liberty, including travel limitations, requirements that

14  you report regularly to a probation officer and other

15  limitations.

16      All right.  Do you understand that, Mr. Jovan

17  Rendon-Reyes?

18      DEFENDANT J. RENDON-REYES:  Yes.

19      THE COURT:  All right.  And Mr. Francisco

20  Rendon-Reyes, do you understand how the supervised

21  release works?  It will be limitations on your liberty?

22      DEFENDANT F. RENDON-REYES:  Yes.

23      THE COURT:  All right.  Going back to the plea

24  agreement for Mr. Jovan Rendon-Reyes.  With regard to

25  Count 1, the maximum fine that can be imposed is the

39

Proceedings

1  greater of $250,000 or twice the gross gain or twice the

2  gross loss.  Do you understand that?

3          DEFENDANT J. RENDON-REYES:  Yes.

4          THE COURT:  All right.  Restitution is

5  mandatory in the full amount of each victim's losses as

6  determined by the Court.  Do you understand that?

7          DEFENDANT J. RENDON-REYES:  Yes.

8          THE COURT:  You have to be charged $100 special

9  assessment.  All right.  Other possible sentencing

10 penalties include removal from the United States.  This

11 is set forth and described in paragraph 8 of your

12 agreement with the government.  I'm going to go over that

13 and I'm going to ask Mr. Francisco Rendon-Reyes to

14 listen, as well.

15          All right.  With regard to removal and your

16 plea agreement, it's very, very likely that pleading

17 guilty may have consequences with respect to your

18 immigration status if you are not a citizen of the United

19 States.

20          Under federal law, a broad range of crimes are

21 what are called removable offenses, including the

22 offenses to which it's proposed that you're going to

23 plead guilty.  In fact, because it's proposed that you're

24 going to plead guilty to the particular crimes of

25 racketeering involving sex trafficking and interstate

40

Proceedings

1   prostitution, your removal from the United States is

2   presumptively mandatory.

3          But you should know that removal and other

4   immigration consequences are not decided by this Court

5   but rather would be decided in a separate proceeding.  So

6   no one here, not your lawyer, not the government or the

7   judge can tell you with certainty what the effect of your

8   conviction will be on your immigration status.

9          All right.  Mr. Jovan, do you confirm that you

10  still want to go ahead with your guilty plea regardless

11  of any immigration consequences that your plea may

12  entail, even if that consequence is your removal or your

13  automatic removal from the United States?

14         DEFENDANT J. RENDON-REYES:  Yes.

15         THE COURT:  Other possible penalties include

16  sex offender registration pursuant to the Sex Offender

17  Registration and Notification Act which is described in

18  paragraph 11 of your plea agreement.

19         Do you understand that?

20         DEFENDANT J. RENDON-REYES:  Yes.

21         THE COURT:  Did you go over paragraph 11 with

22  your attorney?  Do you want to take a look?  It's the

23  paragraph that describes --

24         MR. LIND:  Unless we have it translated -- we

25  did go over it, Judge, but --

41

Proceedings

1          THE COURT:  Okay.  All right.  So let me ask a

2     different question.  Mr. Jovan Rendon-Reyes, do you

3     understand that you would be subject to the Sex Offender

4     Registration Notification Act which is described in brief

5     in paragraph 11 of your plea agreement?

6          DEFENDANT J. RENDON-REYES:  Yes.

7          THE COURT:  Okay.  Additionally, an additional

8     penalty could include criminal forfeiture which is also

9     described in your plea agreement which is Government's

10    Exhibit 1.  It's described in paragraph 6 and 7.  All

11    right.  Do you understand --

12         DEFENDANT J. RENDON-REYES:  Yes.

13         THE COURT:  -- the criminal forfeiture

14    provisions?  All right.  I'm going to hold up my copy of

15    your plea agreement and just point at the fifth line of

16    paragraph 6 on page 8 where the date, April 3rd, 2017 was

17    filled in.  Do you see that there?

18         DEFENDANT J. RENDON-REYES:  Yes.

19         THE COURT:  Okay.  At the bottom --

20         DEFENDANT J. RENDON-REYES:  No, I have seen it.

21         THE COURT:  Okay.  At the bottom there are some

22    initials. Are those your initials?

23         DEFENDANT J. RENDON-REYES:  yes.

24         MR. LIND:  Well, one set isn't --

25         THE COURT:  At the bottom.

42

Proceedings

1           MR. LIND:  Okay.

2           THE COURT:  The bottom of the list.  Right?

3           MR. LIND:  Okay.

4           THE COURT:  All right.  And then is it right

5    above that?  Mr. Lind, those are your initials?

6           MR. LIND:  Yeah, mine -- mine are above those.

7           THE COURT:  And I think those are Ms. Merkl's

8    right at the top?

9           MS. MERKL:  Yes, your Honor.

10          THE COURT:  All right.  And is it correct

11   there's this document Exhibit A, that you have disclosed

12   all of your assets to the United States government on

13   this statement, which is Exhibit A to your agreement?

14          DEFENDANT J. RENDON-REYES:  Yes.

15          THE COURT:  Okay.  All right.  What I just went

16   over were possible sentencing consequences of Count 1.

17   I'm going to go over possible sentencing consequences of

18   Count 14.  With regard to Count 14, your maximum term of

19   imprisonment is life.  The minimum term of imprisonment

20   is 15 years.

21          Do you understand that?

22          DEFENDANT J. RENDON-REYES:  Yes.

23          THE COURT:  Do you understand that there's a

24   minimum term of imprisonment with regard to Count 14 to

25   which it's proposed you're going to plead guilty?

43

Proceedings

1    DEFENDANT J. RENDON-REYES:  Yes.

2    THE COURT:  All right.  There would also be a

3  minimum supervised release term of five years and a

4  maximum supervised release term of life.  It would follow

5  any term of imprisonment.

6    If a condition of supervised release is

7  violated, you could be sentenced for up to life without

8  credit for pre-release imprisonment or time previously

9  served on post-release supervision.

10    If you commit any criminal expense under

11  particular federal laws, particularly Chapter 109(a),

12  110, 117, or Title 18 USC Section 1201 or 1591, for which

13  imprisonment for a term longer than one year can be

14  imposed you shall be sentenced to not less than five

15  years and up to the maximum term of imprisonment for the

16  offense as set forth in 1(a) for this Count, which is

17  life.  Do you understand that?

18    DEFENDANT J. RENDON-REYES:  Yes.

19    THE COURT:  As with regard to Count 1, Count 14

20  carries a maximum fine, the greater of $250,000 or twice

21  the gross gain or twice the gross loss.

22    Do you understand that?

23    DEFENDANT J. RENDON-REYES:  Yes.

24    THE COURT:  Restitution is mandatory in the

25  full amount of each victim's losses as determined by the

44

Proceedings

1   Court.  You'll be charged a $100 special assessment.  And

2   other penalties include the same as the ones I went over

3   with regard to Count 1 including removal from the United

4   States, sex offender registration pursuant to the Sex

5   Offender Registration Notification Act and criminal

6   forfeiture.

7           Each of those penalties described in a

8   paragraph in the plea agreement, paragraph 8, paragraph

9   11 and paragraph 6 and 7, respectfully.

10           Do you understand those possible sentencing

11   consequences?

12           DEFENDANT J. RENDON-REYES:  Yes.

13           THE COURT:  Did you review them with your

14   attorney?

15           DEFENDANT J. RENDON-REYES:  Yes.

16           THE COURT:  And did you have the assistance of

17   a Spanish language interpreter when you were reviewing

18   them with your attorney?

19           DEFENDANT J. RENDON-REYES:  Yes.

20           THE COURT:  All right.  And also, do you

21   understand that the sentence imposed as to each count may

22   run consecutively, meaning one sentence and then the next

23   sentence would start after that?

24           DEFENDANT J. RENDON-REYES:  Yes.

25           THE COURT:  All right.  With regard to Mr.

45

Proceedings

1   Francisco Rendon-Reyes, I am going to go over the

2   possible sentencing consequences for you.  These are set

3   forth in your plea agreement which is marked as

4   Government's Exhibit 2 for today's proceeding.  All

5   right.  My understanding --

6           THE INTERPRETER:  Your Honor, the interpreter

7   is -- there's going to be a change of interpreters.

8           THE COURT:  Uh-hum.

9           THE INTERPRETER:  My colleague, Ms. Plested is

10  taking over and then I will take over from her, if

11  necessary.

12          THE COURT:  Okay.  All right.  Thank you very

13  much.

14          THE INTERPRETER:  Thank you.

15          THE COURT:  All right.  For the record, if you

16  could just state your name.

17          THE INTERPRETER:  Good afternoon, Judge.

18          For the record, Estrelita Plested, certified

19  Spanish interpreter, previously sworn.

20  (INTERPRETER PREVIOUSLY SWORN)

21          THE COURT:  All right.  Thank you very much.

22          So for Mr. Francisco Rendon-Reyes, what's

23  proposed is that you're going to plead guilty to Counts 1

24  and 26 of the indictment.  The indictment, I will remind

25  you, is the document that we went over earlier today,

46

Proceedings

1  particularly violtions of two federal statutes, 18 USC

2  Section 1962(c) and 2422(a).

3          Also, you're going to admit as Racketeering

4  Acts, your participation in sex trafficking as alleged in

5  Racketeering Act 4(a) and interstate prostitution as

6  alleged in Racketeering Act 12(a).

7          Okay.  With regard to Count 1, the following

8  are the possible statutory penalties.  The maximum term

9  of imprisonment of life, a minimum term of imprisonment

10  of zero years.  A maximum supervised release term of five

11  years, that would follow any term of imprisonment.  If a

12  condition of release is violated, you could be sentenced

13  for up to five years without credit for pre-release

14  imprisonment or time previously served on post-release

15  supervision.

16          So Mr. Francisco Rendon-Reyes, do you

17  understand the maximum term of ipmrisonment and the

18  minimum term of imprisonment?

19          DEFENDANT F. RENDON-REYES:  Yes.

20          THE COURT:  Do you understand how supervised

21  release works?  I explained it earlier when I was

22  speaking with Mr. Jovan Rendon-Reyes.

23          DEFENDANT F. RENDON-REYES:  Yes.

24          THE COURT:  The maximum fine is the greater of

25  $250,000 or twice the gross gain or twice the gross loss.

47

Proceedings

1          Do you understand that?

2          DEFENDANT F. RENDON-REYES:  Yes.

3          THE COURT:  The restitution is mandatory and

4    the full amount of each victim's losses as determined by

5    the Court.

6          Do you understand that?

7          DEFENDANT F. RENDON-REYES:  Yes.

8          THE COURT:  All right.  You have to be charged

9    $100 special assessment.  Other penalties include the

10   following: removal from the United States of America as

11   described in paragraph 8.  Because it's so important, I

12   am going to review that with you in detail.

13          So as I mentioned when I was speaking with Mr.

14   Jovan Rendon-Reyes, pleading guilty to the charges in

15   this indictment that we've discussed earlier which are

16   Counts 1 and 26, may have very serious consequences --

17          DEFENDANT F. RENDON-REYES:  Yes.

18          THE COURT:  -- with your respect to immigration

19   -- let me -- sorry, let me just finish that.  You may

20   have very serious consequences with regard to your

21   immigration status in the United States if you are not a

22   citizen of the United States.

23          Under the federal law, a broad range of crimes

24   are what we call removable offenses, including offense to

25   which it's proposed that you're going to plead guilty

48

Proceedings

1    which are racketeering involving sex trafficking and

2    interstate prostitution.

3            Removal is presumptively mandatory.  Removal

4    and other immigration consequences are the subject of a

5    separate proceeding, so that no one here, not your

6    lawyer, not the government's lawyer, and neither me nor

7    Judge Korman can predict with certainty the effect of a

8    conviction on your immigration status in the United

9    States.

10           Do you understand all that?

11           DEFENDANT F. RENDON-REYES:  Yes, I do.

12           THE COURT:  Okay.  This is a question -- right

13   now what we're going over is Government's Exhibit 2 and

14   this is Mr. Francisco Rendon-Reyes' plea agreement which

15   is similar but not identical to that for Mr. Jovan

16   Rendon-Reyes.

17           So Mr. Francisco Rendon-Reyes, do you

18   understand the immigration consequences that you may

19   suffer because of a guilty plea here?

20           DEFENDANT F. RENDON-REYES:  Yes.

21           THE COURT:  Okay.  So right now these questions

22   are only for Mr. Francisco Rendon-Reyes because we're

23   talking about his plea agreement.  We'll come back and

24   talk about some of the things that relate to both of you.

25           So for Mr. Francisco Rendon-Reyes, do you

49

Proceedings

1  affirm that you want to go ahead with your guilty plea

2  regardless of any immigration consequences that your plea

3  may entail, even if the consequence is your automatic

4  removal from the United States?

5  　　　　　DEFENDANT F. RENDON-REYES:  Yes.

6  　　　　　THE COURT:  All right.  As regard to the other

7  penalties, you would be subject to sex offender

8  registration pursuant to the Sex Offender Registration

9  Notification Act which is described in part in paragraph

10  11 of your agreement.

11  　　　　　Do you understand that?

12  　　　　　DEFENDANT F. RENDON-REYES:  Yes.

13  　　　　　THE COURT:  Did you go over it with your

14  attorney?

15  　　　　　DEFENDANT F. RENDON-REYES:  Yes.

16  　　　　　THE COURT:  All right.  There's also a possible

17  criminal forfeiture which is described in paragraph 6 and

18  7 of your agreement.  Did you go over those paragraphs

19  with your attorney?

20  　　　　　DEFENDANT F. RENDON-REYES:  Yes.

21  　　　　　THE COURT:  Do you understand them?

22  　　　　　DEFENDANT F. RENDON-REYES:  Yes.

23  　　　　　THE COURT:  I'm going to show you my copy of

24  your plea agreement which is Government's Exhibit 2,

25  paragraph 6, in the fifth line, the date has been filled

50

Proceedings

1    in.  Are these your initials?

2            DEFENDANT F. RENDON-REYES:  Yes.

3            THE COURT:  Mr. Kamdang, your initials?

4            MR. KAMDANG:  Yes.

5            THE COURT:  And for the government, Ms. Merkl,

6    are those -- the TM, is that you?

7            MS. MERKL:  Yes.

8            THE COURT:  All right.  So is it correct, Mr.

9    Francisco Rendon-Reyes, that you have disclosed all of

10   your assets to the United States on the financial

11   statement dated today's date which is attached to the

12   plea agreement as Exhibit A?

13           DEFENDANT F. RENDON-REYES:  Yes.

14           THE COURT:  Okay.  I'm going to go over the

15   possible sentencing consequences of Count 26.  The

16   maximum term of imprisonment is 20 years.  The minimum

17   term of imprisonment is zero years.

18           Do you understand that?

19           DEFENDANT F. RENDON-REYES:  Yes.

20           THE COURT:  The minimum supervised release term

21   is five years.  The maximum supervised release term is

22   life.  It would follow any term of imprisonment.  If a

23   condition of release is violated, you may be sentenced up

24   to life in prison without credit for pre-release

25   imprisonment or time previously served on post-release

51

Proceedings

1    supervision.

2           If you commit any of a few criminal offenses,

3    those under Chapter 109(a), 110 or 117, or Title 18 USC

4    Sections 1201, or 1591, for  which imprisonment for a

5    term longer than one year can be imposed, you shall be

6    sentenced to not less than five years and up to the

7    maximum term of imprisonment for that offense as

8    described in paragraph 1(a) which is 20 years.

9           Do you understand that?

10          DEFENDANT F. RENDON-REYES:  Yes.

11          THE COURT:  The maximum fine that can be

12   imposed in connection with this count is the greater of

13   $250,000 or twice the gross gain or twice the gross loss.

14          Do you understand that?

15          DEFENDANT F. RENDON-REYES:  Yes.

16          THE COURT:  Restitution is mandatory in the

17   full amount of each victim's losses as determined by the

18   Court.

19          Do you understand that?

20          DEFENDANT F. RENDON-REYES:  Yes.

21          THE COURT:  You have to be charged a $100

22   special assessment and the same consequences that I went

23   over with regard to the prior count also apply.  Your

24   removal from the United States, sex offender registration

25   and criminal forfeiture which are described in paragraphs

52

Proceedings

1   8, 11 and 6 and 7 respectively of your plea agreement.

2           Do you understand those provisions of the plea

3   agreement?

4           DEFENDANT F. RENDON-REYES:  Yes.

5           THE COURT:  Did you go over them with your

6   attorney?

7           DEFENDANT F. RENDON-REYES:  Yes.

8           THE COURT:  All right.  Do you understand that

9   the sentence for each count may run consecutively,

10  meaning it could follow after each other.  It could be a

11  sentence on one count and then the sentence on the next

12  count.

13          Do you understand that?

14          DEFENDANT F. RENDON-REYES: Yes.

15          THE COURT:  Okay.  All right.  Counsel, did I

16  get it right?  That's obviously the most important part

17  or a very important part of this.  Everyone we got --

18  that was covered correctly?

19          MS. MERKL:  I believe --

20          MR. KAMDANG:  Yes, Judge.

21          MS. MERKL:  Yes, Judge.

22          THE COURT:  Okay.

23          MS. MERKL:  The only outstanding item would be

24  the guidelines, which I am assuming you are going to

25  next.

53

Proceedings

1          THE COURT:  Next, yeah.  Well, that's the

2    second thing.

3          MS. MERKL:  Okay.  At some point.

4          THE COURT:  We're going to get there.  Okay.

5    All right.  Let me give you a little background on what

6    it is that the government's lawyer is referring to and

7    then we'll go over the sentencing guidelines.

8          So with regard to the sentencing process, in

9    your case you are going to be sentenced, if the judge

10   accepts your plea, by District Judge Korman.  District

11   Judge Korman does not have complete discretion to impose

12   a sentence outside of the statutory minimum and maximum

13   sentences that are set forth in the statute.

14         So to remind you for Mr. Jovan Rendon-Reyes,

15   with regard to Count 1, the maximum is life and the

16   minimum is zero years term of imprisonment and Count 14,

17   the maximum term of imprisonment of life, with a minimum

18   term of imprisonment of 15 yeras.

19         Do you understand that?

20         DEFENDANT J. RENDON-REYES:  Yes, I understand.

21         THE COURT:  All right.  And for Mr. Francisco

22   Rendon-Reyes, just to remind you, Count 1, the maximum

23   term of imprisonment is life.  The minimum term of

24   imprisonment is zero years.

25         And for Count 26, the maximum term of

54

Proceedings

1   imprisonment is 20 years, the minimum term of

2   imprisonment is zero years.

3           Do you understand that?

4           DEFENDANT F. RENDON-REYES:  Yes.

5           THE COURT:  In the sentencing process, the

6   judge has to consider what are called the advisory

7   sentencing guidelines.  That's what Ms. Merkl was

8   referring to and which we're going to talk in some more

9   detail in a few minutes.

10          These advisory sentencing guidelines have been

11  issued by the United States Sentencing Commission to help

12  judges determine what's a reasonable sentence in a

13  criminal case.

14          As a second step in the sentencing process, the

15  judge must consider whether there are any factors present

16  in your case that would allow the sentencing judge to

17  depart from these advisory sentencing guidelines. A judge

18  can depart either upwardly or downwardly or not at all.

19          In addition, the judge must consider factors

20  that are outlined in a particular federal statute which

21  is 18 United States Code Section 3553(a).  The judge

22  compares those factors to the facts and circumstances of

23  your situation in your case.

24          It may be that the judge decides to impose a

25  nonguideline sentence but the bottom line is that until

55

Proceedings

1   the date of sentencing, when a judge has read the

2   transcript of today's proceeding and had received and

3   reviewed a presentence report about you and hear's from

4   you, your lawyer and the government's lawyers, you cannot

5   know with certainty what the advisory sentencing

6   guidelines will be for your case or whether there will be

7   grounds to depart from them.

8            You can't know whether the Court will impose a

9   guidelines or a nonguideline sentence.  Do you

10  understand?

11           DEFENDANT F. RENDON-REYES:  Yes.

12           THE COURT:  All right.  How about for Mr. Jovan

13  Rendon-Reyes, do you understand what I am saying with

14  regard to the sentencing process?

15           DEFENDANT J. RENDON-REYES:  Yes.

16           THE COURT:  All right.  So despite the

17  uncertainty, I am going to ask the lawyers right here to

18  give you each their respective preliminary assessment as

19  to what the sentencing guidelines will be in your case.

20  These estimates are not binding on the Court, on the

21  government or on the probation department.

22           And if the lawyers make a mistake or get it

23  wrong or don't have all the facts and their estimate is

24  different from what the actual sentencing guidelines will

25  be at the time of sentencing, you will not be permitted

56

Proceedings

1   to withdraw your plea of guilty on that basis.

2          So, do you understand that, Mr. Jovan Rendon-

3   Reyes?

4          DEFENDANT J. RENDON-REYES:  Yes.

5          THE COURT:  And Mr. Francisco Rendon-Reyes, do

6   you understand that?

7          DEFENDANT F. RENDON-REYES:  Yes.

8          THE COURT:  All right.  So let's first speak

9   about Mr. Jovan Rendon-Reyes and the estimated sentencing

10  guidelines.  We'll start with the government.  Is it Ms.

11  Merkl for the government?

12         MS. MERKL:  Yes, your Honor.

13         THE COURT:  All right.

14         MS. MERKL:  As to Jovan Rendon-Reyes, the

15  government's current estimate is that his guidelines

16  shake out to an adjusted offense level of 39 which

17  carries a range of imprisonment of 262 to 327 months,

18  assuming that he falls within criminal history category

19  one.

20         I would note that that estimate is contingent

21  upon his acceptance -- his getting full -- the full three

22  points for acceptance of responsibility, as well as two

23  points reduction for a global disposition in this case.

24         THE COURT:  Uh-hum.

25         MS. MERKL:  And that global disposition is

57

Proceedings

1   dependent upon all of the defendants accepting guilty

2   pleas by April 19th of this year.

3            So that guideline also encompasses our estimate

4   of the underlying guidelines applicable to three

5   different Jane Does, Jane Doe 1, Jane Doe 5, and Jane Doe

6   6, who are all trafficking victims and to whom the

7   guidelines prevent grouping.  So it has to be calculated

8   as a multiple count analysis.

9            At the end of the day, as I stated the current

10  estimate of the adjusted offense level overall is a level

11  39 with a range of imprisonment of 262 to 327 months.

12           THE INTERPRETER:  The interpreter requests

13  repetition.

14           THE COURT:  Which, for the last sentence?

15           MS. MERKL:  As to the last sentence?  Okay.

16           The overall evaluation of the guidelines

17  results in an adjusted offense level of 39 with a range

18  of imprisonment of 262 to 327 months.

19           THE COURT:  All right.  Mr. Lind?

20           MR. LIND:  As of today, Judge, I concur in the

21  government's analysis of the guidelines.

22           THE COURT:  All right.  So, Mr. Jovan Rendon-

23  Reyes, do you understand what the lawyers' analysis is

24  wtih regard to the application of the advisory sentencing

25  guidelines to your case?

58

Proceedings

1      DEFENDANT J. RENDON-REYES:  Yes.

2      THE COURT:  All right.  Mr. Francisco Rendon-

3  Reyes, we're going to look at your plea agreement and the

4  anticipated advisory sentencing guidelines as they would

5  apply to your case.

6          I'm going to ask, is it Ms. Merkl again --

7      MS. MERKL:  Yes.

8      THE COURT:  -- with regard to Francisco Rendon-

9  Reyes' case?  What is your estimate with regard to the

10 sentencing guidelines?

11     MS. MERKL:  Similar to Jovan Rendon-Reyes, as

12 to how the estimate is calculated, the offense level that

13 we currently estimate is an adjusted offense level of 31

14 and that level and that level has various things factored

15 into it.

16         Firstly, it includes three levels, a full three

17 levels off for acceptance of responsibility.  In

18 addition, it anticipates two level reduction as part of a

19 global disposition of the case and those two points are

20 contingent upon all of the defendants in this case

21 pleading guilty by April 19th of this year.

22         Also factored in are the guidelines that the

23 government (indiscernible) to be applicable as to the

24 Racketeering Act alleging sex trafficking of Jane Doe 2,

25 as well as the other underlying predicate acts in counts

59

Proceedings

1    in which Francisco Rendon-Reyes is charged.

2              THE COURT:  All right.  Mr. Kamdang?

3              MR. KAMDANG:  Your Honor, I don't have anything

4    to add.  We will reserve our sentencing argument

5    (indiscernible).

6              THE COURT:  All right.  Mr. Francisco Rendon-

7    Reyes, do you understand what the government's attorney

8    just said with regard to the estimate for the advisory

9    sentencing guidelines in your case?

10             DEFENDANT F. RENDON-REYES:  Yes.

11             THE COURT:  All right.  So for each of the

12   defendants --

13             MS. MERKL:  Your Honor, if I may, I am sorry?

14             THE COURT:  Oh.

15             MS. MERKL:  Just to be clear for the record, I

16   am not positive, I actually put the estimate as opposed

17   to the adjusted offense level.

18             THE COURT:  Okay.

19             MS. MERKL:  So I just wanted to make clear for

20   the record that the overall adjusted offense level based

21   on our current information is a level 31 which carries a

22   range of imprisonment of 108 to 135 months, assuming that

23   Mr. Francisco Rendon-Reyes falls within criminal history

24   category one.

25             THE COURT:  All right.  Mr. Rendon-Reyes,

60

Proceedings

1   Francisco Rendon-Reyes, do you understand what Ms. Merkl

2   just said on behalf of the United States?

3          DEFENDANT F. RENDON-REYES:  Yes.

4          THE COURT:  All right.  For each of the

5   defendants, the estimate with regard to the sentencing

6   guidelines is set forth in paragraph 2 of our respective

7   agreements.

8          So for each of you, did you review that

9   estimate with your attorneys?  Jovan Rendon-Reyes?

10         DEFENDANT J. RENDON-REYES:  Yes.

11         THE COURT:  And Mr. Francisco Rendon-Reyes?

12         DEFENDANT F. RENDON-REYES:  Yes.

13         THE COURT:  Okay.

14         THE INTERPRETER:  The interpreter would ask

15   permission of the Court to bring a chair a moment?

16         THE COURT:  Yes, can you help her, just pull

17   one over.

18         THE INTERPRETER:  Thank you.

19         THE COURT:  You're good.

20         All right.  For each of the defendants, do you

21   understand that your ultimate sentence could turn out to

22   be different from the estimate your attorney or the

23   government may have provided to you including not

24   provided here in open court?  For Mr. Jovan Rendon-Reyes,

25   do you understand that?

61

Proceedings

1          DEFENDANT J. RENDON-REYES:  Yes.

2          THE COURT:  Mr. Francisco Rendon-Reyes?

3          DEFENDANT F. RENDON-REYES:  Yes.

4          THE COURT:  For each of you, it oculd turn out

5   that because of other statutory sentencing factors, the

6   district judge decides to impose a sentence even higher

7   than the one called for by the advisory sentencing

8   guidelines.

9          If that turned out to be the case, you would

10  not be permitted to withdraw your guilty plea simply

11  because no one could tell you in advance of what your

12  sentence would be.

13         Do you understand that Mr. Jovan Rendon-Reyes?

14         DEFENDANT J. RENDON-REYES:  Yes.

15         THE COURT:  And Mr. Francisco Rendon-Reyes, do

16  you understand that?

17         DEFENDANT F. RENDON-REYES:  Yes.

18         THE COURT:  All right.  And so you know, we

19  don't have a sentencing date because there are some

20  moving pieces to this whole plea agreement.

21         So let me just go back to your respective plea

22  agreement which again are marked for Mr. Jovan Rendon-

23  Reyes as Court Exhibit 1 and for Mr. Francisco Rendon-

24  Reyes as Court Exhibit 2.

25         Have you reviewed the entire agreement with

Proceedings

1   your respective attorney?

2          DEFENDANT F. RENDON-REYES:  Yes.

3          DEFENDANT J. RENDON-REYES:  Yes.

4          THE COURT:  Do you understand the agreement?

5          DEFENDANT F. RENDON-REYES:  Yes.

6          DEFENDANT J. RENDON-REYES:  Yes.

7          THE COURT:  Okay.  And again, I just draw your

8   attention to one of the paragraphs that Ms. Merkl

9   referred to which for Mr. Jovan Rendon-Reyes is in

10  paragraph 10 and similarly for Mr. Francisco Rendon-

11  Reyes, it was paragraph 10, which is that this agreement

12  that you have with the government is conditioned upon a

13  global plea, a global disposition of the case.

14         Do you understand that?

15         DEFENDANT F. RENDON-REYES:  Yes.

16         DEFENDANT J. RENDON-REYES:  Yes.

17         THE COURT:  All right.  So for each of the

18  defendants, do you fully understand your plea agreements

19  that you've entered into with the government?

20         DEFENDANT J. RENDON-REYES:  Yes.

21         DEFENDANT F. RENDON-REYES:  Yes.

22         THE COURT:  All right.  That was from Mr. Jovan

23  Rendon-Reyes and then from Mr. Francisco Rendon-Reyes.

24         All right.  So what's being proposed here is

25  you're going to plead guilty to felony offenses.  If your

63

Proceedings

1   plea is accepted and you're adjudged guilty of these

2   felonies, that adjudication may result in some collateral

3   consequences.

4           If you are a United States citizens, that would

5   include the loss of the right to vote, to hold public

6   office, to serve on a jury, and the other loss -- the

7   loss of other valuable civil rights.

8           All right.  For each of you, I've gone over

9   many of the possible sentencing consequences to you if

10  your guilty plea is accepted.

11          Do you understand these consequences?  Mr.

12  Jovan Rendon-Reyes?

13          DEFENDANT J. RENDON-REYES:  Yes.

14          THE COURT:  And for Mr. Francisco Rendon-Reyes?

15          DEFENDANT F. RENDON-REYES:  Yes.

16          THE COURT:  Okay.  All right.  Now I am going

17  to ask the lawyers some questions and for the government,

18  is the government prepared to prove at trial all of the

19  elements of the counts against each defendant?

20          MS. MERKL:  Yes, your Honor.

21          THE COURT:  And for each of those counts,

22  there's a global statement of the statute and essential

23  elements that you've provided to me.  Does this set forth

24  the elements of the offenses to which the defendants are

25  proposed to plead guilty?

64

Proceedings

1        MS. MERKL:  It does, your Honor, but I wanted

2   to just note an commission.

3        THE COURT:  Uh-hum.

4        MS. MERKL:  The government and we included the

5   essential elements for the trafficking counts on page 3,

6   and it's broken down by different types of counts and I

7   just wanted to observe and apologize, Counts 11 and Count

8   14 both charge trafficking of minors.  They also charge

9   trafficking by force, fraud or coercion.  Those two

10  counts are charged in the alternative.

11       THE COURT:  Uh-hum.

12       MS. MERKL:  So Counts 11 and 14 should be

13  listed in both places and we apologize for this error.

14       THE COURT:  I'm not sure I followed the last

15  part.  Where are we?

16       MS. MERKL:  Okay.  So Count 11 and 14 charge

17  both trafficking --

18       THE COURT:  Okay, of a minor.

19       MS. MERKL:  -- by force, fraud or coercion and

20  that the victim was a minor at the time.

21       THE COURT:  Okay.

22       MS. MERKL:  And so we failed to include Counts

23  11 and 14 at the list, at the top of page 3 and we

24  apologize for that mistake.

25       THE COURT:  Okay.  All right.

65

Proceedings

1          MS. MERKL:  The essential elements for Counts

2    11 and 14 are the same --

3          THE COURT:  Uh-hum.

4          MS. MERKL:  -- as the essential elements of the

5    rest of the sex trafficking counts and it also alleged

6    that they were minors at the time.

7          THE COURT:  Okay.  All right.

8          So for Mr. Lind, does that amendment -- is what

9    the government provided with regard to the statute and

10   elements for the counts to which your client is going to

11   or it's proposed your client is going to plead guilty, do

12   you agree that this list is correct?

13         MR. LIND:  Yes, your Honor.

14         THE COURT:  And similarly, Mr. Kamdang, for

15   your client, Mr. Francisco Rendon-Reyes, was the

16   amendment provided by Ms. Merkl with regard to the

17   statutes and essential elements, how this applies to your

18   clients, do you agree this list is correct?

19         MR. KAMDANG:  Yes.  And just to clarify, those

20   amendments don't affect Mr. Francisco Rendon-Reyes' plea.

21         MS. MERKL:  Correct, your Honor.  Francisco

22   Rendon-Reyes is charged in Racketeering Act 4(a) with

23   regard to trafficking of Jane Doe 2 and that was not

24   charged as a minor.  And in Count 26, so his is

25   unaffected.

66

Proceedings

1          THE COURT:  Okay.  So with or without the

2   amendment for you, Mr. Kamdang, is the statutes and

3   essential elements provided by the government a correct

4   statement of the statute and essential elements?

5          MR. KAMDANG:  Yes, your Honor.

6          THE COURT:  Okay.  All right.  So this is a

7   question for the government.  What evidence would the

8   government offer at trial to show the defendant's guilt

9   and do you want to do that as to each of the defendants

10  or all together?  What would you like to do?

11         MS. MERKL:  Well, given the nature of the

12  charges that it's a racketeering offense, I think it's

13  fine to do it all together.

14         If we were to have a trial in this case, the

15  government would call its witnesses, the Jane Does 1

16  through 9 as alleged in the indictment.  In addition, as

17  to Mr. -- one of the defendants who is not here, we would

18  introduce a guilty plea allocution in a prior

19  racketeering -- in a prior sex trafficking case.

20         We also would introduce phone records, border

21  crossing records, evidence recovered pursuant to a

22  wiretap, surveillance evidence and various other evidence

23  including wire transfer records, analysis of those

24  records.

25         I believe we also have some cell site data,

67

Proceedings

1    things along those lines, things with the phones but the

2    bulk of the evidence as to trafficking charges will come

3    from the victims' testimony, Jane Does 1 through 9.

4              THE COURT:  All right.  So with Mr. Lind, with

5    regard to your client, Jovan Rendon-Reyes, do you agree

6    that the government will be able to prove the defendant's

7    guilt at trial based on the evidence described by the

8    government?

9              MR. LIND:  Well, if (indiscernible) and it was

10   admissible, Judge, yes.  I mean in the abstract it's -- I

11   think that they would certainly make out a prima facie

12   case.

13             THE COURT:  All right.  So there's always risk

14   at trial.  A jury will believe the defendant or find that

15   the government has not proved its case but based on the

16   information made available to you and your communications

17   with your client, do you believe that it's possible the

18   government or -- that the government will be able to

19   prove the defendant's guilt at trial?

20             MR. LIND:  Yes, Judge.

21             THE COURT:  All right.  With regard to your

22   client, Mr. Jovan Rendon-Reyes, do you know of any reason

23   why the defendant should not plead guilty?

24             MR. LIND:  No.

25             THE COURT:  Are you aware of any viable legal

68

Proceedings

1   defense to the charge?

2          MR. LIND:  No.

3          THE COURT:  In your opinion, is the proposed

4   plea in your client's best interest?

5          MR. LIND:  Yes.

6          THE COURT:  All right.  Mr. Kamdang, similarly,

7   do you agree that the government would be able to prove

8   the defendant's guilt at trial based on the evidence

9   described by the government and based on what's been made

10  available to you in this case and your communications

11  with your client?

12         MR. KAMDANG:  Yes.

13         THE COURT:  There's the obvious caveat that

14  it's always possible that a jury would decide that the

15  government had failed to prove its case.

16         All right.  Do you know of any reason why Mr.

17  Francisco Rendon-Reyes should not plead guilty?

18         MR. KAMDANG:  No.

19         THE COURT:  And are you aware of any viable

20  legal defense to the charges against him?

21         MR. KAMDANG:  No.

22         THE COURT:  And in your opinion, is this plea

23  in your client's best interest?

24         MR. KAMDANG:  Yes.

25         THE COURT:  All right.  For each of the

69

Proceedings

1  defendants, do you need an opportunity speak with your

2  attorneys about your allocution?

3          MR. LIND:  If I could have one minute, maybe

4  Mr. Kamdang wants to go forward but I --

5          THE COURT:  All right.  So actually what I

6  would like to do is just take a two minute break.  I'll

7  be right back.  You can speak with your respective

8  clients and we'll -- you can let me know if you're

9  clients are ready, all right?

10          MR. KAMDANG:  Did you say a ten minute break?

11          THE COURT:  Two.

12          (Off the record.)

13          THE CLERK:  We're back on the record.

14          THE COURT:  Okay.  All right.  So we have both

15  interpreters.  Can we use the services of both, ma'am?

16          THE INTERPRETER:  Yes, ma'am, of course.

17          THE COURT:  And let's just make sure -- turn

18  off the microphone that's by Mr. Jovan Rendon-Reyes, so

19  that we don't pick that conversation up on the record.

20  Okay.

21          All right.  So I don't know if we ever went off

22  the record but we're on the record for 15-cr-348.

23          So, Mr. Kamdang, with regard to your client, do

24  you need an opportunity to speak with him?

25          MR. KAMDANG:  I don't, your Honor.

70

Proceedings

1      THE COURT:  All right.  So is your client ready
2  to plead?
3      MR. KAMDANG:  Yes, your Honor.
4      THE COURT:  Okay.  All right, Mr. Francisco
5  Rendon-Reyes, do you need an opportunity to consult with
6  your attorney before you plead?
7      DEFENDANT F. RENDON-REYES:  No.
8      THE COURT:  All right.  So let me just remind
9  you, as I said earlier, it's not going to be enough for
10  you simply to say that you're guilty.  You're going to
11  have to tell me what it is that you did such that you
12  are, in fact, guilty as to each count that it's proposed
13  you're going to plead guilty.
14      All right.  So, for Mr. Francisco Rendon-Reyes,
15  with regard to Count 1 of the indictment -- hand on one
16  second.
17      Mr. Lind, for this part, I need one of the
18  United States Attorney's to be able to pay attention to
19  it.  I mean,  if you want to separate and talk that's
20  fine but I am going to be asking you if it's an
21  acceptable allocution for you.  All right.
22      So I am sorry, let me ask that question again.
23  Mr. Francisco Rendon-Reyes, with regard to Count 1 of the
24  indictment, how do you plead, guilty or not guilty?
25      DEFENDANT F. RENDON-REYES:  Yes.

71

Proceedings

1          THE COURT:  Okay.  So the choice is guilty or

2   not guilty.

3          DEFENDANT F. RENDON-REYES:  Yes, I am guilty.

4          THE COURT:  All right.  With regard to Count 26

5   of the indictment, how do you plead, guilty or not

6   guilty?

7          DEFENDANT F. RENDON-REYES:  I am guilty.

8          THE COURT:  Okay.  All right.  Mr. Kamdang,

9   with regard to your client's allocution, are you

10  proposing he do it unified allocution with regard to

11  these counts or are you going to do each one separately?

12          MR. KAMDANG:  A unified allocution, your Honor.

13          THE COURT:  Okay.  All right.  So as I have

14  said before, Mr. Francisco Rendon-Reyes, I need you to

15  tell me what it is that you did such that you are, in

16  fact, guilty of the count to which you just pleaded

17  guilty which are Count 1 and Count 26 of the indictment.

18  And I'll just reminnd you, your plea agreement includes a

19  provision that you are going to admit to racketeering

20  acts -- as racketeering acts, your participation in sex

21  trafficking as alleged in the indictment as Racketeering

22  Act 4(a) and interstate prostitution as alleged in

23  Racketeering Act 12(a).

24          All right.  So, Mr. Francisco Rendon-Reyes, in

25  your own words, please tell me what it is that you did

72

Proceedings

1  such that you are, in fact, guilty of those two counts to

2  which you just plead guilty, Count 1 and Count 26 of the

3  indictment.

4  　　　　　DEFENDANT F. RENDON-REYES:  I, Francisco, in

5  2007, I arrived in the United States from Mexico.  I

6  traveled to Queens, New York.  There was a woman arriving

7  who was traveling with me.  Before we left Mexico, I

8  convinced her that it would be a good idea to come to

9  Queens to work in prostitution.  It was part of a -- part

10  of a woman.

11  　　　　　THE COURT:  I didn't understand that last part.

12  　　　　　DEFENDANT F. RENDON-REYES:  Part of a family.

13  　　　　　THE COURT:  Part of a family.

14  　　　　　DEFENDANT F. RENDON-REYES:  That -- was part of

15  a family that worked -- who worked that I brought women

16  to the United States to work as prostitutes.  We knew

17  that it was illegal to bring women to the United States

18  to participate in -- for purposes of prostitution and we

19  did it to make money.

20  　　　　　In addition, in participating in this family

21  business, I know that some members of the family made

22  false promises to another woman in order to get her to

23  work in prostitution.  I am sorry.

24  　　　　　THE COURT:  All right.  When you say family,

25  you're referring to your family?

73

Proceedings

1           DEFENDANT F. RENDON-REYES:  Yes.

2           THE COURT:  All right.  I am just reviewing

3   what you said with the elements of the offenses of the

4   counts that your -- to which you pled guilty.

5   (Pause)

6           THE COURT:  All right.  Mr. Kamdang, would you

7   like your client to add anything else to the record?

8           MR. KAMDANG:  No, your Honor.

9           THE COURT:  For the government, is that a

10  sufficient allocution?

11          MS. MERKL:  Your Honor, it's -- I believe that

12  all of the elements were met but there are a couple of

13  clarification points I think would be beneficial as to

14  the dates and the Jane Does as to whom Mr. Francisco

15  Rendon-Reyes was referring to.  So he --

16          THE COURT:  Do you have some questions because

17  you have more information than I do.

18          MS. MERKL:  No, I plan to -- if that's okay

19  with the Court --

20          THE COURT:  Yes.

21          MS. MERKL:  -- I was going to suggest a couple

22  of questions.

23          THE COURT:  All right.  Let me ask Mr. Kamdang,

24  is that acceptable to you --

25          MR. KAMDANG:  That's fine, your Honor.

74

Proceedings

1          THE COURT:  -- the government to ask --

2          MR. KAMDANG:  That's fine, your Honor.

3          THE COURT:  All right.  So Ms. Merkl?

4          MS. MERKL:  So initially Mr. Francisco Rendon-

5  Reyes, you stated that you arrived in 2007 with a woman.

6          DEFENDANT F. RENDON-REYES:  Yes.

7          MS. MERKL:  And is that the same woman who is

8  identified in the indictment as Jane Doe 10 and mentioned

9  in Count 26?

10          DEFENDANT F. RENDON-REYES:  Yes.

11          MS. MERKL:  And the judge started to ask you,

12  you mentioned that this was part of the family business.

13          DEFENDANT F. RENDON-REYES:  Yes.

14          MS. MERKL:  And is that family business the

15  group of individuals discussed in the indictment, The

16  Rendon-Reyes family?

17          DEFENDANT F. RENDON-REYES:  Yes.

18          MS. MERKL:  And finally with regard to the

19  second woman that you mentioned, is that the same

20  individual who is identified in  Racketeering Act 4(a) as

21  Jane Doe 2?

22          DEFENDANT F. RENDON-REYES:  Yes.

23          MS. MERKL:  And the other individual involved

24  in her trafficking is alleged to have been in the

25  indictment, Saul Rendon-Reyes?

75

Proceedings

1          DEFENDANT F. RENDON-REYES:  Yes.

2          MS. MERKL:  And you were aware that promises

3    would be made to her in or about and between January 2006

4    and April 2007 in order to cause her to work in

5    prostitution?

6          DEFENDANT F. RENDON-REYES:  Yes.

7          MS. MERKL:  Your Honor, with those additional

8    small clarifications, I believe that the elements have

9    been met.

10         THE COURT:  Just so I understand, the woman

11   that you mentioned, that's the second woman he spoke of?

12         MR. KAMDANG:  Yes.

13         THE COURT:  All right.  Let me ask you a few

14   questions Mr. Francisco Rendon-Reyes.  Are you pleading

15   guilty to these two counts of the indictment voluntarily

16   and of your own free will?

17         DEFENDANT F. RENDON-REYES:  Yes.

18         THE COURT:  Has anyone threatened or forced you

19   to plead guilty?

20         DEFENDANT F. RENDON-REYES:  No.

21         THE COURT:  Other than the promises that are

22   contained in the written agreement that you entered into

23   with the United States government which has been marked

24   as Government's Exhibit 2 in this proceeding, has anyone

25   made any other promises to you to induce you to plead

76

Proceedings

1    guilty?

2            DEFENDANT F. RENDON-REYES:  No.

3            THE COURT:  Has anyone made any promise to you

4    as to what your final sentence will be?

5            DEFENDANT F. RENDON-REYES:  No.

6            THE COURT:  Are you pleading guilty f your own

7    free will because you are, in fact, guilty?

8            DEFENDANT F. RENDON-REYES:  Yes.

9            THE COURT:  So I understand from the

10   government's perspective this plea agreement is

11   contingent on the additional defendants pleading guilty

12   but based on the information given to me with regard

13   particularly to Mr. Francisco Rendon-Reyes, and his plea

14   to Counts 1 and  Count 26 of the indictment, I believe

15   that he's full competent, that he is capable of entering

16   an informed plea, that his actions are voluntary.  That

17   he understands the charges in the indictment against him.

18   That he understands his rights and the consequences of

19   this plea and that the plea is supported by a factual

20   basis for each of the elements of the offense.

21           So I would recommend that the district judge

22   accept the plea of guilty to the two counts of the

23   indictment to which Mr. Francisco Rendon-Reyes pled

24   guilty, Count 1 and to Count 26.

25           All right.  With regard to --

77

Proceedings

1          MR. KAMDANG:  Your Honor?

2          THE COURT:  Yes.

3          MR. KAMDANG:  With the Court's permisison, I

4    cleared it with the marshals, could the marshals take

5    charge of Mr. Francisco Rendon-Reyes now that he is done

6    and you proceed with the other so, I could run to another

7    meeting or --

8          THE COURT:  All right.  Let me just ask, is

9    there anything else that we need to add to the record

10   with regard to your client?

11         MR. KAMDANG:  No, your Honor.

12         THE COURT:  And I assume the understanding is

13   they are -- he's remaining in custody.

14         MR. KAMDANG:  Yes, your Honor.

15         THE COURT:  All right.  And are there any

16   medical issues that need attention?

17         MR. KAMDANG:  No, your Honor.

18         THE COURT:  All right.  And as things stand

19   now, we don't have a sentencing date given that this is a

20   multi-step process here so what I would ask if that you

21   stay in touch with the district judge's deputy to know

22   when there will be a sentencing date.

23         And I assume you would like to participate in

24   the interview process for the preparation of the

25   presentence report, is that correct?

Case 1:15-cr-00348-ERK-VMS  Document 88  Filed 05/15/17  Page 78 of 91 PageID #: 404

Proceedings

1       MR. KAMDANG:  Yes, please.

2       THE COURT:  All right.  We'll let probation

3  know.  All right.  Any objection from the government

4  that --

5       MS. MERKL:  No, your Honor.

6       THE COURT:  -- Mr. Kamdang and his client, Mr.

7  Francisco Rendon-Reyes are able to leave today's

8  proceeding?

9       MS. MERKL:  No, your Honor.

10      THE COURT:  No.

11      MS. LEE:  No.

12      THE COURT:  All right.  How about Mr. Lind, any

13  objection?

14      MR. LIND:  No.

15      THE COURT:  All right.  So the marshals are

16  going to say --

17      MR. LIND:  What if I said yes, Judge?  No, of

18  course not.

19      THE COURT:  Just making sure everyone is all

20  right with this.  All right.  So, for Mr. Francisco

21  Rendon-Reyes, you're done.  Your attorney will say in

22  touch with you as to how the rest of this process

23  unfolds.  There will be a presentence report prepared

24  about you.  I encourage you to cooperate with the

25  probation officer in consultation with your attorney.

79

Proceedings

1          All right.  So I am going to thank the marshals

2     or taking Mr. Rendon-Reyes and Mr. Kamdang, you're

3     excused from the rest of this proceeding.  Thanks.

4          MR. KAMDANG:  Thank you, your Honor.

5     (Mr. Kamdang and defendant Francisco Rendon-Reyes

6     excused)

7          THE COURT:  All right.  So, Mr. Lind, is your

8     client ready to plead?

9          MR. LIND:  Yes, Judge.

10         THE COURT:  All right.  So, Mr. Jovan Rendon-

11    Reyes, did you have a sufficient opportunity to consult

12    with your attorney about your proposed plea?

13         DEFENDANT J. RENDON-REYES:  Yes.

14         THE COURT:  All right.  And are you ready to

15    plead?

16         DEFENDANT J. RENDON-REYES:  Yes.

17         THE COURT:  Do you need an additional

18    opportunity to consult with your attorney?  Do you need

19    to talk to your lawyer at this time?

20         DEFENDANT J. RENDON-REYES:  No.  No.

21         THE COURT:  All right.  So what's proposed in

22    your plea agreement is that you're going to plead guilty

23    to Count 1 and Count 14 of the indictment of the

24    indictment and particularly, you're going to admit at

25    Racketeering Acts, your participation in the sex

80

Proceedings

1  trafficking of Jane Doe 1, the sex trafficking of minor

2  Jane Doe 2 and the sex trafficking of Jane Doe 6.

3          MS. MERKL:  Your Honor --

4          MR. LIND:  No, I think that's (indiscernible).

5          THE COURT:  Oh, I'm sorry.  Did I look at the

6  wrong page?

7          MS. MERKL:  Jane Doe 5, (indiscernible).

8          THE COURT:  All right.

9          MS. MERKL:  Not 2.

10          THE COURT:  All right.  Let's try it again.

11  Sex trafficking of Jane Doe 1, the sex trafficking of

12  minor Jane Doe 5 and sex trafficking of Jane Doe 6.

13  Those individuals --

14          MR. LIND:  No, I think -- are we talking about

15  Count 1 now, Judge or are we talking about both counts?

16  Count 1 charges him with sex trafficking of 1 -- Jane

17  Does 1, 5 and 6.  Count 14 is just related to

18  transporting a minor, Jane Doe 5.

19          THE COURT:  All right.  So just reading --

20  using the language that she used in the plea agreement

21  which is that your client is going to plead guilty to

22  Count 1 and 14 of the indictment and at his guilty plea,

23  admit his racketeering acts, his participation in sex

24  trafficking of Jane Doe 1, as alleged in Racketeering Act

25  3(a) and Count 7, sex trafficking of a minor, Jane Doe 2,

81

Proceedings

1  as alleged in Racketeering Act 7(a) and Count 14.  And

2  sex trafficking of Jane Doe 6, as alleged in Racketeering

3  Act 8(a) and Count 17.

4            Is there any disagreement as to that?

5            MR. LIND:  From me, Judge, no.

6            THE COURT:  Okay.  If I misspoke, I am sorry.

7            MS. MERKL:  No, your Honor, it's been

8  corrected, thank you.

9            THE COURT:  We're good on this point?

10           MR. LIND:  That's fine.

11           THE COURT:  All right.  So Mr. Jovan Rendon-

12 Reyes, are you ready to plead?

13           DEFENDANT J. RENDON-REYES:  Yes.

14           THE COURT:  All right.  With regard to Count 1

15 of the indictment, how do you plea, guilty or not guilty?

16           DEFENDANT J. RENDON-REYES:  I am guilty.

17           THE COURT:  And with regard to Count 14 of the

18 indictment, how do you plead, guilty or not guilty?

19           DEFENDANT J. RENDON-REYES:  Guilty.

20           THE COURT:  All right.  As with Mr. Francisco

21 Rendon-Reyes, and as I explainedto you earlier, I have to

22 ask you what it is that you did such that you are, in

23 fact, guilty of these two counts?  As you heard with Mr.

24 Francisco Rendon-Reyes, it's helpful in providing a

25 complete guilty plea that you provide the information

82

Proceedings

1   with regard to those Jane Does, Jane Doe 1, the minor

2   Jane Doe 5, and Jane Doe 6.

3          All right.  So in your own words, what is it

4   that you did such that you are in fact guilty of Count 1

5   and Count 14 of the indictment?

6          DEFENDANT J. RENDON-REYES:  I admit in having

7   participated in human trafficking of Jane Doe 1, Jane

8   Doe 5 and Jane Doe 6 --

9          MR. LIND:  No, no, there's an additional part.

10          DEFENDANT J. RENDON-REYES:  -- which was a

11   family business.

12          MR. LIND:  I don't think that's loud enough.

13   You have to talk up --

14          THE INTERPRETER:  Sir, he's reading.

15          THE COURT:  Well, the translator --

16          THE COURT:  Okay.

17          THE INTERPRETER:  And I'm waiting for him to

18   finish.

19          MR. LIND:  All right.  I'm sorry.  I really

20   apologize.

21          THE INTERPRETER:  Forgive me, your Honor, the

22   interpreter didn't mean to --

23          THE COURT:  That's fine.

24          THE INTERPRETER:  -- please, I am terribly

25   sorry.

83

Proceedings

1           THE COURT:  Let's just -- so far we have --

2           DEFENDANT J. RENDON-REYES:  With respect to --

3           THE COURT:  -- through the family business.

4      What's the next one?

5           DEFENDANT J. RENDON-REYES:  With respect to

6      Count 14, along with other people, I participated in

7      transporting on the dates of June 2007 through February

8      of 2009.  Yes, number 5.

9           Moreover, in order to have Jane Doe 5 continue

10     in her involvement in this activity, even at the time

11     when she no longer wanted to do it, I made her false

12     promises.

13          THE COURT:  All right. When you say human

14     trafficking, from where to where did you --

15          DEFENDANT J. RENDON-REYES:  From Mexico to the

16     United States.

17          THE COURT:  To any particular part of the

18     United States?

19          DEFENDANT J. RENDON-REYES:  Here in New York.

20          THE COURT:  Was it in Brooklyn or Queens --

21          DEFENDANT J. RENDON-REYES:  Queens --

22          THE COURT:  -- or some other part of the

23     Eastern District?

24          DEFENDANT J. RENDON-REYES:  Queens.  Queens.

25          THE COURT:  All right.  When you referred

84

                              Proceedings

1    earlier to the Jane Does 1, 5 and 6, are those the

2    individuals --

3                   DEFENDANT J. RENDON-REYES:  Yes.

4                   THE COURT:  -- who are -- sorry, let me finish

5    the question so it is clear on the record.  Are those the

6    individuals who are identified in the indictment.  So,

7    Jane Doe, is she the person alleged in Racketeering Act

8    3(a) and Count 7 of the indictment?

9                   DEFENDANT J. RENDON-REYES:  Yes.

10                  THE COURT:  Do you know the answer?

11                  DEFENDANT J. RENDON-REYES:  Yes.

12                  THE COURT:  All right.  Is Jane Doe 5, is she

13   the individual identified in Racketeering Act 7(a) and

14   Count 14 of the indictment?

15                  DEFENDANT J. RENDON-REYES:  Yes.

16                  THE COURT:  And is Jane Doe 6, the individual

17   alleged in Racketeering Act 8(a) and Count 17 of the

18   indictment?

19                  DEFENDANT J. RENDON-REYES:  Yes.

20                  THE COURT:  And when you say the family

21   business, what do you mean?

22                  DEFENDANT J. RENDON-REYES:  Well, my family.

23                  THE COURT:  Is that the Rendon-Reyes family?

24                  DEFENDANT J. RENDON-REYES:  Yes.

25                  THE COURT:  All right.  Mr. Lind, do you want

85

Proceedings

1   your client to add anything else to the record?

2           MR. LIND:  No, Judge.

3           THE COURT:  All right.  For the government, do

4   you need any additional information --

5           MS. MERKL:  Yes, your Honor.

6           THE COURT:  -- as part of the allocution?

7           MS. MERKL:  With regard -- if I may, I can pose

8   the questions to the Court or directly to the defendant.

9           THE COURT:  To the defendant is fine.

10          MS. MERKL:  (Indiscernible).

11          THE COURT:  Sorry, let me be -- just before the

12  government.  With regard to Jane Doe 5, was she a minor?

13          MR. LIND:  Are you asking me, Judge or are you

14  asking --

15          THE COURT:  No, Mr. -- your client.

16          DEFENDANT J. RENDON-REYES:  Yes.

17          THE COURT:  And does that mean you knew that

18  she was under the age of 18?

19          DEFENDANT J. RENDON-REYES:  Yes.

20          THE COURT:  Okay.  And was the purpose of the

21  human trafficking to have these individuals engage in

22  prostitution?

23          DEFENDANT J. RENDON-REYES:  Yes.

24          THE COURT:  All right.  For the government, any

25  additional clarifying questions?  You can direct them

Proceedings

1  directly to the defendant.

2          MS. MERKL:  As to the Jane Does 1, 5 and 6, you

3  stated that the purpose of the trafficking was to have

4  them engage in prostitution.

5          DEFENDANT J. RENDON-REYES:  Yes.

6          MS. MERKL:  And were you aware as to Jane Does

7  1 and 6, that members of the organization would engage in

8  promises -- making false promises to them to cause them

9  to work?

10          DEFENDANT J. RENDON-REYES:  Yes.

11          MS. MERKL:  And just to be clear, your Honor,

12  as to the dates, Mr. Rendon-Reyes specified as to Count

13  14, his participation in and about June 2007 and February

14  2009.

15          THE COURT:  Right.

16          MS. MERKL:  I would just like to clarify as to

17  the racketeering count, Count 1, the dates of involvement

18  for the underlying predicate acts as to which Mr. Rendon-

19  Reyes allocuted ranged from December of 2004 through

20  February 2010.  Altough he need not have been involved in

21  all of those dates, I just want to establish whether he

22  was involved in and around 2004 to 2010.

23          THE COURT:  Is that correct?

24          MS. MERKL:  Various times, is that correct?

25          DEFENDANT J. RENDON-REYES:  Who?

Transcriptions Plus II, Inc.

87

Proceedings

1          MS. MERKL:  You.

2          THE COURT:  So were you, Mr. Rendon-Reyes,

3  involved in these human trafficking ativities between

4  2004 and 2010?

5          MS. MERKL:  2010.

6          THE COURT:  '10.

7          DEFENDANT J. RENDON-REYES:  Yes.

8          THE COURT:  Anything else?

9          MS. MERKL:  I think that -- I think that covers

10  the racketeering acts as to which he was allocuting, your

11  Honor.

12          THE COURT:  All right.  So, Mr. Lind, would you

13  like your client to add anything else to the record?

14          MR. LIND:  No.

15          THE COURT:  All right.  So, Mr. Rendon-Reyes,

16  let me ask you a few other questions.  Are you pleading

17  guilty voluntarily and of your own free will?

18          DEFENDANT J. RENDON-REYES:  Yes.

19          THE COURT:  Has anyone threatened or forced you

20  to plead guilty?

21          DEFENDANT J. RENDON-REYES:  No.

22          THE COURT:  Other than the promises that are

23  contained in the written agreement that you entered into

24  with the United States government, which has been marked

25  as Government's Exhibit 1, has anyone made any other

88

Proceedings

1    promises to induce you to plead guilty?

2              DEFENDANT J. RENDON-REYES:  No.

3              THE COURT:  Has anyone made any promises to you

4    as to what your final sentence will be?

5              DEFENDANT J. RENDON-REYES:  No.

6              THE COURT:  Are you pleading guilty of your own

7    free will because you are, in fact, guilty of the Count 1

8    and 14 of the indictment?

9              DEFENDANT J. RENDON-REYES:  Yes.

10             THE COURT:  All right.  Again, this plea

11   agreement with the government is contingent on other

12   defendants pleading guilty but for the purposes of your

13   allocution, based on the information given to me today by

14   the government, your attorney and you, I believe that

15   you're fully competent, that you're capable of entering

16   an informed plea, that you're acting voluntarily, that

17   you understand the charges against you.  That you

18   understand your rights.  You understand the consequences

19   of this plea and that the plea is supported by a factual

20   basis as to each element of the offenses, Count 1 and

21   Count 14.

22             So I recommend that the district judge accept

23   the plea of guilty to these two counts, 1 and 14.

24             So there's no sentencing date yet because as I

25   just mentioned and we've been discussing, there are other

89

Proceedings

1   defendants whose pleas may be forthcoming.  So as this

2   process unfolds, at some point the district judge and his

3   deputy will set a date for the sentencing.

4           As I mentioned earlier, there will be a

5   presentence report prepared about you.  Mr. Lind, do you

6   want to participate in the interview?

7           MR. LIND:  Yes, Judge.

8           THE COURT:  All right.  We'll let probation

9   know that.

10          I assume the understanding is your client is

11  going to remain in custody.  Is that right?

12          MS. MERKL:  Your Honor, he was extradited from

13  Mexico.

14          THE COURT:  All right.

15          MR. LIND:  I'm sorry, do I understand that --

16  yes, I understand that.

17          THE COURT:  This is just to make sure nobody

18  wants to make a bail application.

19          MR. LIND:  I have no bail application.

20          THE COURT:  All right.  I am not prejudging

21  anything but we just need to make sure we cover that.

22          Does your client have any medical issues?

23          MR. LIND:  No.

24          THE COURT:  No, nothing that needs that

25  attention?

Proceedings

1          MR. LIND:  No.

2          THE COURT:  All right.  Is there anything else

3    for the government?

4          MS. MERKL:  No, thank you, your Honor.

5          THE COURT:  Anything else?

6          MR. LIND:  No, Judge.

7          THE COURT:  All right.  Thank you.  Just for

8    the record, we're going to return the documents that have

9    been marked as Government's Exhibit 1 and Government's

10   Exhibit 2, each with their respective Exhibit As, copies

11   were provided to the defendants.  So Ms. Merkl is going

12   to take custody of that.

13         And for the government, you can stay in touch

14   with Ms. Quinlan about moving the other pleas forward

15   which your colleague has been diligently trying to line

16   up the lawyers.  So we appreciate it.

17         MS. LEE:  (Indiscernible).

18         THE COURT:  All right.

19              (Matter concluded)

20                   -o0o-

21

22

23

24

25

91

# C  E  R  T  I  F  I  C  A  T  E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **15th** day of **May**, 2017.

*Linda Ferrara*

Linda Ferrara

AAERT CET**D 656

Transcriptions Plus II, Inc.