

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ML
F. #2012R01664

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 31, 2019

<u>By Hand and ECF</u>

The Honorable Edward R. Korman
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Rendon-Reyes, et al.
               Criminal Docket No. 15-348 (S-1) (ERK)

Dear Judge Korman:

      The government respectfully submits this letter in connection with the restitution hearing held by the Court on July 24, 2019.  At the hearing, the Court adopted the calculations proposed by counsel for the defendant Felix Rojas, ordering him to pay restitution in the amount of $367,500.[1]  (Docket No. 165, Minute Entry.)  While the government continues to maintain its objections to the Court's rulings, including the restitution amounts calculated for each victim and the decision not to hold the defendants jointly and severally liable as to this racketeering enterprise, the government hereby provides its understanding, based on the Court's rulings, of the restitution amounts for each of the victims and defendants.

        I.    The Court's Restitution Amount for Each Victim

           a.  Jane Doe #1

      With respect to Jane Doe #1, the government originally calculated a total amount of $184,800.  This amount is based on two separate periods of forced prostitution, totaling 44 months.

      Regarding the first period from January 2005 to December 2006, the defendant argues that the end period should be changed to April or May 2006, (Def. Reply 3), which is

---

[1] For the reasons set forth below, the government respectfully submits that the correct calculation, even under the Court's rulings, for the defendant Felix Rojas is $373,800.

when the defendant Odilon Martinez-Rojas beat Jane Doe #1 with a baseball bat. (Ex. A ¶ 14.) Jane Doe #1 stated in her affidavit that she was hit twice more after the baseball bat beating before she gathered the courage to leave; however, the defendant has asked to use the date of the first beating as the end date for the first period of forced prostitution. (Def. Reply 3.) Accordingly, using May 2006, which the government understands the Court intends to adopt, would reduce the first period by seven months or $29,400. The total for the first period would, therefore, result in $71,400.

With respect to the second period of forced prostitution, the defendant argues that the entire second period from May 2008 to December 2009 should be excluded because the defendant claims that the government has provided insufficient evidence of the end date. (Def. Reply 3.)[2] The defendant does not dispute that Jane Doe #1 was forced to prostitute a second time beginning in May 2008. (Def. Reply 3.) In connection with sentencing, the government submitted an affidavit from Special Agent Christopher Davies regarding the tattoo that the defendant Odilon Martinez-Rojas forced her to get during the second period of forced prostitution. (Docket No. 135, Ex. A.) In that affidavit, Special Agent Davies states that, according to Jane Doe #1, the defendant Odilon Martinez-Rojas forced Jane Doe #1 to get a tattoo in late 2008 or early 2009, during the time when he was forcing her to prostitute. Although the government continues to maintain that the end date in the indictment, which the defendant Odilon Martinez-Rojas adopted in his allocution at his plea hearing, is the appropriate end date, the government has presented sufficient evidence through affidavits that, at a minimum, Jane Doe #1 was forced to prostitute—and forced to be branded— through the end of 2008. As a result, restitution for the second period should be for at least eight months, or $33,600. Accordingly, the total restitution amount for Jane Doe #1, combining both periods, is, at a minimum, $105,000.

b.  Jane Doe #2

With respect to Jane Doe #2, the government calculated 16 months of forced prostitution for a total amount of $67,200. The defendant argued that it should be reduced by three months, for a total amount of $54,000, because the government's calculation started in January 2006 but she did not begin prostitution until March 2006. (Def. Surreply 1–2.) However, even adopting the defendant's reduction, as the Court's prior rulings indicated it would, the period would only be reduced by two months, i.e. to remove January and February 2006, as there is no dispute that the evidence has established that Jane Doe #2 was forced to prostitute from March 2006 to April 2007. Accordingly, given the Court's prior rulings, the restitution amount for Jane Doe #2 should be based on 14 months of forced prostitution, or $58,800.

---

[2] In the defendant's letter, he mistakenly writes that "the eight months from May, 2008 to December, 2009" should be excluded. It is twenty months from May 2008 to December 2009.

   c. <u>Jane Doe #3</u>

With respect to Jane Doe #3, the Court found at the hearing restitution in the amount of $21,000. (Docket No. 165, Minute Entry.)

   d. <u>Jane Doe #4</u>

With respect to Jane Doe #4, the government calculated $25,000, because the Honorable Amy Totenberg, United States District Judge for the Northern District of Georgia, ordered Odilon Martinez-Rojas and co-defendant Arturo Rojas-Coyotl to pay Jane Doe #4 (SAM) $25,000 in restitution jointly and severally.  NDGA Docket No. 13-CR-128.  The defendant argues that it should be excluded simply because it has already been ordered and would, therefore, be double counting.  (Def. Reply 4.)  Given the Court's ruling denying the government's request for a total restitution amount with joint and several liability but allowing for joint and several liability as to specific victims, the Court will be able to apply the restitution amount as to the appropriate defendants and, to the extent that payments are ultimately made, the victim will not receive more than $25,000.  More specifically, the defendant Severiano Martinez-Rojas, whose Northern District of Georgia case was transferred to the Eastern District of New York pursuant to Rule 20 of the Federal Rules of Evidence, should be ordered to pay Jane Doe #4 (SAM) $25,000 in restitution, jointly and severally with the defendants Odilon Martinez-Rojas and Rojas-Coyotl, who have both already been so ordered.

   e. <u>Jane Doe #5</u>

With respect to Jane Doe #5, the Court found at the hearing restitution in the amount of $29,400.  (Docket No. 165, Minute Entry.)

   f. <u>Jane Doe #6</u>

With respect to Jane Doe #6, the Court found at the hearing restitution in the amount of $102,900.  (Docket No. 165, Minute Entry.)  However, the government respectfully submits that this is a technical error in which two numbers were simply transposed, and the restitution amount is $109,200.  The government originally sought $117,600 in restitution.  The defendant argued that two months should be reduced, totaling $8,400.  (Def. Reply 4.)  Accepting the defendant's calculation, the resulting amount would be $109,200, or 26 months.[3]

---

[3] In contrast, $102,900 correlates to 24.5 months.  Since neither the government nor the defendant utilized half months, and the amount set forth above was argued for by the defendant, the government respectfully submits that $109,200 is the correct and intended amount.

3

g. Jane Doe #7

With respect to Jane Doe #7, the Court found at the hearing restitution in the amount of $58,800. (Docket No. 165, Minute Entry.)

h. Jane Doe #8

With respect to Jane Doe #8, the Court found at the hearing restitution in the amount of $155,400. (Docket No. 165, Minute Entry.)

i. Jane Doe #9

With respect to Jane Doe #9, the government calculated a total period of 51 months, resulting in $214,200. The defendant argued that it should be reduced by eight months based on when Jane Doe #9 was forced to prostitute for the first time, thus, using a period of December 2010 to June 2014. Accordingly, the total restitution amount for Jane Doe #9 is $180,600.

j. FBF and MSJ

Finally, with respect to FBF and MSJ, given that the restitution amounts will only be applied to Severiano Martinez-Rojas in connection with his NDGA case and are joint and several, as decided by Judge Totenberg, the government anticipates the defendant no longer has an objection. Accordingly, these amounts, as found by Judge Totenberg, are $15,000 for MSJ and $150,000 for FBF.

II. Restitution Amounts for Each Defendant

a. Felix Rojas

At the hearing, the Court ordered the defendant Felix Rojas to pay restitution to Jane Does #3, 5, 6, 7 and 8 in the amounts set forth above, resulting in a total amount of $367,500. For the reasons previously stated, the government respectfully submits that this calculation used the incorrect restitution amount for Jane Doe #6 and the restitution amount should, in fact, be $373,800.

b. Jovan Rendon-Reyes

The defendant Jovan Rendon-Reyes was involved in the trafficking and prostitution of Jane Does #1, 5 and 6. Accordingly, the total restitution amount should be $243,600.

c. Saul Rendon-Reyes

The defendant Saul Rendon-Reyes was involved in the trafficking of Jane Does #1, 2 and 7. Accordingly, the total restitution amount should be $222,600.

4

d. <u>Guillermina Rendon-Reyes</u>

The defendant Guillermina Rendon-Reyes was involved in the trafficking of Jane Does #3 and 5. Accordingly, the total restitution amount should be $50,400.

e. <u>Francisco Rendon-Reyes</u>

The defendant Francisco Rendon-Reyes was involved in the trafficking of Jane Doe #2 and the interstate prostitution of Jane Doe #6. Accordingly, the total restitution amount should be $168,000.

f. <u>Jose Rendon-Garcia</u>

The defendant Jose Rendon-Garcia was involved in the trafficking of Jane Does #3, 5, 6 and 8. Accordingly, the total restitution amount should be $315,000.

g. <u>Odilon Martinez-Rojas</u>

The defendant Odilon Martinez-Rojas was involved in the trafficking of Jane Does #1, 4, 5, 6, 7 and 9. Because the defendant was ordered to pay restitution for Jane Doe #4 in connection with his NDGA case, the government will not include her in the calculation. Accordingly, the total restitution amount should be $483,000.

h. <u>Severiano Martinez-Rojas</u>

The defendant Severiano Martinez-Rojas was involved in the trafficking of Jane Does #1, 3, 6, 7, 9, FBF, MSJ and SAM (#4). Accordingly, the total restitution amount should be $664,600.

Respectfully submitted,

RICHARD DONOGHUE
United States Attorney

By:     /s/
Margaret Lee
Assistant U.S. Attorney
(718) 254-6205

Benjamin J. Hawk
Deputy Director for Litigation
U.S. Department of Justice
Human Trafficking Prosecution Unit

cc: Clerk of the Court (ERK) (by ECF)
Patricia Sullivan, U.S. Probation Department (by e-mail)
Defense Counsel (by ECF)