UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X Docket#
UNITED STATES OF AMERICA,      : 15-cr-00348-ERK-VMS-1
                               :
                               :
      - versus -               : U.S. Courthouse
                               : Brooklyn, New York
                               :
JOVAN RENDON-REYES,            : January 4, 2019
              Defendant        : 1:41 PM
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
BEFORE THE HONORABLE EDWARD R. KORMAN
UNITED STATES MAGISTRATE JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**

**For the Government**:          **Richard P. Donoghue, Esq.**
                                United States Attorney

                        BY: **Margaret Lee, Esq.**
                            **Taryn Merkl, Esq.**
                            Assistant U.S. Attorney
                            271 Cadman Plaza East
                            Brooklyn, New York 11201


**For the Defendant**:           **Richard B. Lind, Esq.**
                                880 Third Avenue
                                13th Flr.
                                New York, NY 10022




**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                61 Beatrice Avenue
                                West Islip, New York 11795
                                laferrara44@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  United States v. Jovan Rendon-

2   Reyes.

3          Your appearances, counsel.

4          MS. MERKL:  Taryn Merkl and Maggie Lee for the

5   United States.

6          Good afternoon, your Honor.

7          THE COURT:  Good afternoon.

8          MR. LIND:  Good afternoon, Judge.

9          I'm Richard Lind for Jovan Rendon-Reyes.

10          MS. SULLIVAN:  Good afternoon, your Honor.

11          Patricia Sullivan with mary Ann Betts from

12   probation.

13          MR. GJELAJ:  And Marc Gjelaj from probation,

14   your Honor.

15          Good afternoon.

16          THE CLERK:  The magistrate took the plea in

17   this case, Judge.

18          THE COURT:  Is there any reason I should not

19   accept the plea of guilty?

20          MR. LIND:  No, Judge.

21          THE COURT:  All right.  I adopt the

22   recommendation of the magistrate that the plea was

23   knowingly and voluntarily entered by the defendant with a

24   full understanding of his rights, and the consequences of

25   his plea.  There's a factual basis for the plea.  I

3

Proceedings

1    therefore accept the plea of guilty.

2            I think the allocution by the magistrate is

3    more than adequate but I just want to make sure because

4    we're dealing with complicated guidelines, that you've

5    gone over this him?

6            MR. LIND:  Yes, Judge.

7            THE COURT:  And --

8            MR. LIND:  When you say "this", you're talking

9    about the plea or --

10           THE COURT:  The --

11           MR. LIND:  Yeah, and the pre-sentence report.

12           THE COURT:  Right.

13           MR. LIND:  I've had them translated into

14   Spanish for him.

15           THE COURT:  And he understands what the maximum

16   sentence is?

17           MR. LIND:  Yes.  Well, the maximum sentence is

18   life.

19           THE COURT:  Yeah, but --

20           MR. LIND:  I mean, he's also aware of the

21   guidelines.

22           THE COURT:  Yes.  Okay.  And you've gone over

23   that with him, as well?

24           MR. LIND:  Yes, Judge.

25           THE COURT:  Okay.  All right.  Are there any

4

Proceedings

1    objections I have to deal with here?

2              MR. LIND:  Well, Judge, there is a narrow

3    guidelines issue, and it deals with the government's

4    grouping analysis which in turn deals with the -- there

5    are three Jane Does involving my client; Jane Doe 1, Jane

6    Doe 5, and Jane Doe 6.

7              With respect to Jane Doe 5 which was the minor

8    or is the minor, the government did not seek an

9    enhancement based on vulnerable victim -- for being a

10   vulnerable victim.

11             The government however did seek a vulnerable

12   victim enhancement of two points under the grouping

13   analysis for Jane Does 1 and 6.  I was here yesterday,

14   Judge, with the argument of Jane Doe 6.  I'll rely on the

15   record that was argued in that case in regard to Jane Doe

16   6, and whether or not a two-point enhancement should be

17   given.

18             But I do strenuously object to a two-point

19   enhancement under the grouping analysis with Jane Doe 1.

20   I don't think under the case law -- and I cite the case

21   law, your Honor, and I know your Honor went over it very

22   thoroughly yesterday.  I don't think she was a vulnerable

23   victim, and therefore I don't think that under the

24   grouping analysis, there should be a unit for her under

25   the grouping analysis.

5

Proceedings

1          In other words, Jane Doe 1 should be level 34

2    rather than level 36 under the grouping analysis.  And if

3    that's the case, there should not be a unit for Jane Doe

4    1.  And if that's the case, then the entirety of the

5    grouping analysis should be an increase of three levels

6    rather than four levels.

7          I don't know if your Honor can follow me but

8    it's pretty much set out in the government's plea

9    agreement with the --

10          THE COURT:  The guidelines now are what?  So we

11   have it --

12          MR. LIND:  The guidelines --

13          THE CLERK:  It's a three-level increase,

14   Judge --

15          MR. LIND:  I'm sorry.

16          THE COURT:  -- for the guidelines.

17          MR. LIND:  I will wait for the government.  You

18   were answering that question?

19          MS. MERKL:  (Indiscernible).

20          MR. LIND:  Okay.  The guidelines, it's level 38

21   which is 235 to 293.  Is that correct?

22          MS. MERKL:  In the PSR.

23          MR. LIND:  And I think that's also your --

24          MS. MERKL:  No, our guidelines in the plea

25   agreement were slightly higher.

6

Proceedings

1          MR. LIND:  Slightly higher?

2          MS. MERKL:  Yes.

3          MR. LIND:  What were they?

4          MS. MERKL:  262 to 327, your Honor, but that

5     was based in part upon the group -- nongrouping of the

6     money laundering count, as to which we had afforded half

7     the unit, which brought him up to a four-level

8     adjustment.  We, as discussed yesterday, understand that

9     probation's analysis as to the money laundering folding

10    into the sex trafficking, so although our plea agreement

11    had estimated it to be a level 39, we understand

12    probation's analysis as to the money laundering, and

13    concur that it would go to the level 38, in the -- as set

14    forth in the PSR.

15          THE COURT:  So the guidelines for level 38 are?

16          THE CLERK:  235 to 293, Judge.

17          MR. LIND:  Right, that's what I thought you had

18    in your sentencing memorandum.

19          MS. MERKL:  That's in the memo, not the plea

20    agreement.

21          MR. LIND:  Okay.

22          MS. MERKL:  Just to be clear.

23          MR. LIND:  I'm sorry.  But --

24          THE COURT:  The guidelines now, before you -- I

25    deal with this, are what?

7

Proceedings

1           MR. LIND:  Yes, 235 to 293, level 38.

2           THE CLERK:  And the record should reflect the

3    pre-sentence report will be amended to include the two

4    global points which he didn't get.  You have 235 to 293.

5           MR. LIND:  Yes.

6           THE COURT:  Okay.

7           MR. LIND:  So I think everyone's agreed with

8    that.  And the government's analysis, added four levels

9    to the sentencing computation under the grouping analysis

10   under 3D1.1, 2, 3, and 4, because of -- in part because

11   of the levels for Jane Doe 1, 5 and 6.

12           With regard to Jane -- Jane Doe 5 gets one unit

13   because it's the most serious level, it's the highest

14   level, if your Honor understands what I am saying.  You

15   start with a unit that has the highest level, and that

16   was Jane Doe 5.

17           THE COURT:  Okay.

18           MR. LIND:  Okay.  Then there are two units

19   added for Jane Doe 1 and Jane Doe 6, and part of the

20   reason that it's level 36 is because of the two points

21   that were added for vulnerable victim.

22           THE COURT:  For Jane Doe 1.

23           MR. LIND:  1 and 6.  Two points weren't added

24   for Jane Doe 5, but that doesn't matter. So if you knock

25   off, and I think it should be knocked off, the two points

8

Proceedings

1   for Jane Doe 1, for vulnerable victim, then that unit

2   disappears because it's -- no, actually it comes back to

3   as a half unit.

4             MR. GJELAJ:  That's correct.

5             MR. LIND:  And a half-a-unit would make that --

6   I think two-and-a-half --

7             MR. GJELAJ:  That's correct.

8             MR. LIND:  No, it would make it all together

9   three units, and if you look at 3D1.4, Judge --

10            THE COURT:  Let me hear from my --

11            MR. LIND:  Yeah, sure.

12            THE COURT:  -- probation advisor.

13            MR. GJELAJ:  So we've grouped the money

14  laundering and I'm not sure if the government -- I think

15  the government hadn't, but you found yesterday that it

16  was a groupable offense, so -- and I'll have my

17  colleagues just double-check me on this but for Jane Doe

18  1, if your Honor were to not find for a vulnerable

19  victim, it would be a level 34.  That would only get a

20  half-a-unit then at that point.

21            The highest adjusted offense level would be for

22  Jane Doe 5, which is an adjusted offense level of 40.

23  Jane Doe 6 would be an adjusted offense level of 36, and

24  the money laundering gets grouped, the alien smuggling

25  falls by the wayside, and what we would have is a level

9

Proceedings

1   34, which would get a half-a-unit.  The 40, which would

2   be the driving adjusted offense level, and then Jane Doe

3   would be one full unit, so you would have two-and-a-half

4   units, which translates into the same if it were three

5   units.  So three -- two-and-a-half-units, and three units

6   translate into a three-level increase.

7            THE COURT:  And what did that make the

8   guidelines?

9            MR. GJELAJ:  That makes it -- again, let me

10  just make sure that I am correct --

11  (Pause)

12           MR. GJELAJ:  We're at a level 38, your Honor,

13  criminal history one, which is the 235 to 293.

14           THE COURT:  So his argument is --

15           MR. GJELAJ:  His argument is the same as ours

16  in the sense that we end up in the same place.  The

17  government, I think, originally had an additional half

18  unit or a full unit for the money laundering which we do

19  not.  It gets grouped in.

20           THE COURT:  Okay, so we're not -- it doesn't --

21  your argument, as I understand it, does not affect the

22  ultimate guidelines calculation.

23           MR. LIND:  Well, my -- and I can use some

24  clarification here, Judge, I apologize.

25           THE COURT:  He's clarifying it.

10

Proceedings

1          MR. LIND:  Well --

2          THE COURT:  You know, I am not an expert in

3  calculating the significance of half units and whole

4  units.

5          MR. LIND:  No, no, but what I am saying is,

6  Judge, I believe there's three -- a -- three units --

7  three units here, and my understanding is that that got

8  you up to level 41 or even less than that, which is

9  different than what was in the plea agreement.

10         MS. MERKL:  Your Honor, I --

11         THE CLERK:  Counsel, you're currently at a

12  level 38, 235 to 293.

13         MR. LIND:  Right.

14         THE CLERK:  That --

15         MR. LIND:  And that's based on getting a four-

16  level increase in the guidelines.

17         MS. MERKL:  No, your Honor, the four level

18  increase is the amount set forth in the government's

19  estimate, which was the 262 to 327.  Probation -- I agree

20  with Mr. Gjelaj's analysis that even if the half-a-unit

21  is taken off for Jane Doe 1, and it's made half-a-unit

22  instead of a unit, he's still at three levels of upward

23  adjustment under the multiple count analysis.  Because of

24  the way the multiple count analysis works in Section

25  3D1.4, two-and-a-half and three are both treated as three

Transcriptions Plus II, Inc.

11

Proceedings

1   levels.  So that half-a-unit in the margin doesn't make

2   an ultimate difference as to the calculation, as to this

3   defendant, to Jane Doe 1 specifically, your Honor, the

4   government included her -- our estimate of her being a

5   vulnerable victim, based again on her personal

6   circumstances which were somewhat different from the

7   other victims in this case.

8              We -- you know, as set forth in --

9              THE COURT:  No, I just want to know, does it

10  make a difference?

11             MS. MERKL:  It does not.

12             THE COURT:  So I don't know why we have to get

13  into it.

14             MR. LIND:  Okay, Judge, I --

15             THE COURT:  I mean, do you want Mr. Gjelaj to -

16  - do you want to sit down with him for a minute and let

17  him go over it with you?

18             MR. LIND:  Yes, if you don't mind, Judge.

19             THE COURT:  No, I don't mind.

20             MR. LIND:  All right.  Okay.

21             THE COURT:  That's one of the reasons he's

22  here.

23             MR. LIND:  Thank you.

24  (Pause)

25             MR. LIND:  Once again, Judge, I apologize.

12

Proceedings

1  It's a little bit confusing.  So I take it we're back at

2  level 38; is that correct?

3          MS. SULLIVAN:  Yes, your Honor.

4          MR. LIND:  That said, Judge, I still request as

5  I had in my sentencing memorandum, that 235 to 293, is

6  basically  19 to 24 years, a little bit more than 24 --

7  up on the high side.

8          The minimum is 15 years, your Honor.  I think

9  something between 15 and 19 is sufficient, is a

10  sufficient sentence in this case.  My client pled guilty.

11  He had a horrible background, and is being punished for

12  his -- the conduct in this case.

13          I see no reason for a sentence of anything more

14  than 19, as an upward range, and in fact, that's the

15  lower part of the guidelines range we have right now.

16          He -- I'm sure your Honor is very familiar with

17  all this language, but I think it's really important to

18  emphasize, even though it may be somewhat overused

19  sometimes, the sentence should be enough, yet not to take

20  the language out of these leading cases, you know, that

21  enough sufficient but not greater as the statute

22  provides, to comply with the purposes of 3553(a).

23          I think the sentence in the range of 15 to 19

24  years certainly is sufficient to satisfy the meaning of

25  the statute.  My clients grew up in a physically abusive

Proceedings

1    household.  He had very little grading -- schooling.  He

2    quit school after the sixth grade because his parents

3    could not afford even the meager school-related expenses.

4            And then secondly as I point out in my

5    sentencing memo, Judge, his post-arrest rehabilitation at

6    the MDC, he had a clean record where he's had no conflict

7    there at all over the last two years, I think should be

8    taken into consideration.

9            He's a young man.  He has a chance of

10   rehabilitating his life.  He really has no other prior

11   criminal record.  This has not been -- he's remorseful.

12   Judge, I believe that a sentence in the range of 15 to 19

13   years is appropriate.  Thank you.

14           MS. MERKL:  Your Honor, consistent with the

15   government's sentencing letter, we respectfully submit

16   that a sentence at the high end of the applicable range

17   is appropriate and we're making that suggestion, not

18   mechanically by any means, your Honor, but with the

19   specific reference to certain facts in this case that are

20   egregious and take it to the higher end of the applicable

21   range.

22           I think it is highly notable that the two women

23   most affected by this particular defendant, your Honor,

24   were minors.  Jane Doe 5 was only 16 when the defendant

25   raped her, and forced her into prostitution.  Jane Doe 5

14

Proceedings

1  was 17 when the defendant arranged for her to be smuggled

2  into the United States, and required to prostitute.

3        He controlled these women with threats of

4  violence, and fear.  Unfortunately, that seems to be the

5  pattern that this family employed.  And it's notable,

6  your Honor, that these women were prostituted for a

7  lengthy period of time.  This is not, you know, a few

8  months or a year.  Jane Doe -- this was a substantial,

9  you know, period of time and the long term impacts on

10  these women is significant.

11        And defendant is citing to his childhood, and

12  his alleged post-arrest rehabilitation as reasons for a

13  downward departure but unfortunately, your Honor, as --

14        THE COURT:  I'm not downwardly departing from

15  those grounds.

16        MS. MERKL:  Thank you, your Honor.  Even within

17  the range, the consideration of his childhood, and his

18  rehabilitation, your Honor, should not be given much

19  weight.  The childhood circumstances of this defendant

20  frankly are similar, if not pleasantly better than the

21  circumstances of the women and girls that were victimized

22  by this organization, and his post-arrest

23  "rehabilitation", the MDC, is virtually nothing.  He

24  completed one program.  I'm not knocking the programs at

25  the MDC, but he completed a total of one program and had

15

Proceedings

1  no disciplinary issues, which is precisely what is

2  expected of an inmate in the MDC.  Anything less than

3  that would be grounds for a variance upward frankly.

4          The defendant's rehabilitation is certainly not

5  extraordinary of the sort that would cause it to be a

6  significant factor for sentencing.

7          The bottom line, your Honor, is that the

8  guidelines in this case are appropriate to keep Mr. Jovan

9  Rendon-Reyes, who I would note is younger than some of

10 the other members of this family, and thus, in the

11 government's view, a greater risk of recidivism in terms

12 of returning to Mexico, and recruiting additional

13 females, incarcerated for an appropriate period of time

14 to provide specific deterrence and incapacitation, such

15 that his incarceration would protect the community in

16 Mexico, and protect additional girls from victimization,

17 while also serving the goals of punishment and

18 deterrence, and all of the other 3553(a) factors

19 discussed in the statute.

20 (Pause)

21          MS. MERKL:  Your Honor, I would note, I was

22 looking through the records, that Mr. Jovan Rendon-Reyes

23 exerted control and influence over Jane Doe 5 for a

24 period of seven years.

25          THE COURT:  How old -- I'm sorry, the two women

Proceedings

1    were how old now?  One was Jane Doe 5, was 16?

2            MS. MERKL:  Jane Doe 5 was 16 when she was

3    first raped by the defendant and forced into

4    prostitution, and then shortly thereafter, after Jane Doe

5    5 is able to -- I'm sorry, your Honor, shortly thereafter

6    he forced Jane Doe 17 -- 7 -- 5 into prostitution, and

7    she was 17.

8            THE COURT:  Which one?  I'm sorry, I didn't

9    hear you.

10           MS. MERKL:  Too many numbers.

11           THE COURT:  Yeah.

12           MS. MERKL:  Sorry?

13           THE COURT:  Which one was 17, did you say?

14           MS. MERKL:  Jane Doe 5.

15           THE COURT:  Jane Doe 5 was 17, and the other

16    one was Jane Doe?

17           MS. MERKL:  I'm sorry, your Honor, Jane Doe 5

18    is the minor.

19           THE COURT:  She was the one?  I thought you

20    said they were both.

21           MS. MERKL:  I apologize, your Honor.  Jane Doe

22    1 was 19 when she was first recruited.  Jane Doe 6 was

23    not a minor.  It was my mistake.  I misspoke.

24    (Pause)

25           THE COURT:  I'm just looking for the rape in

17

Proceedings

1    the pre-sentence report, that you just referred to.

2           MS. MERKL:  Your Honor, in paragraph 24, it

3    describes how Jovan held Jane Doe 5 at his relative's

4    home in Mexico and forced to have sex with him.  He's not

5    allowed her to telephone her family, and she did locate a

6    telephone to call her family, continues onto page 13 of

7    the PSR, he found out and slapped her --

8           THE COURT:  Can you point me to the --

9           MS. MERKL:  Paragraph 24, your Honor.

10          THE COURT:  I know, but on what sentence.  She

11   was 16.

12   (Pause)

13          THE COURT:  All right.  Does the defendant wish

14   to speak?

15          MR. LIND:  Yes, Judge.  I believe so.

16          Do you want to tell the Judge something?

17          THE DEFENDANT:  First of all, I would like to

18   ask the victims for their forgiveness, and I am very

19   sorry.  I'd also like to apologize to the United States

20   for having entered the country.  And I would like the

21   prosecutor to forgive me, as well.  That's all.  That's

22   all.

23   (Pause)

24          THE COURT:  So his guidelines includes for

25   Ruggiero (ph.).

18

Proceedings

1          MS. MERKL:  It does, your Honor.  That was the

2    extra level-and-a-half essentially for the two additional

3    victims resulted in the total unit calculation of two-

4    and-a-half levels.

5          THE COURT:  I'm going to sentence the defendant

6    to the custody of the Attorney General for a period of

7    240 months, five years supervised release, with the

8    following special conditions.  If removed, the defendant

9    may not re-enter the United States illegally.  The

10   defendant shall cooperate with, and abide by all

11   instructions of immigration authorities, comply with any

12   potential restitution, and forfeiture orders.

13          Upon request, the defendant shall provide the

14   U.S. Probation Department with full disclosure of

15   financial records, including commingled income, expenses,

16   assets, liabilities, to include yearly income tax

17   returns, with the exception of the financial accounts

18   reported in (indiscernible) within the pre-sentence

19   report.

20          The defendant is prohibited from maintaining

21   and/or opening additional individual and/or joint

22   checking or savings or other financial accounts, in a

23   personal or business purposes without the knowledge, and

24   approval of the probation department.

25          The defendant shall cooperate with the

19

Proceedings

1  probation officer in the investigation of his financial

2  dealings, and shall provide truthful monthly statements

3  of his income and expenses.  The defendant shall

4  cooperate in the signing of any necessary authorization

5  to release information forms permitting the probation

6  department access to his financial information and

7  records.

8           The defendant shall comply with any applicable

9  state and/or federal sex offender registration

10  requirements as instructed by the probation officer, the

11  Bureau of Prisons, or any state offender registration

12  agency in the state where he resides or works, or is a

13  student.

14           I also impose a $200 special assessment.  I

15  believe that the sentence here is sufficient to reflect

16  the seriousness of his offense, and the other factors set

17  out in Section 3553(a).

18           THE CLERK:  Do you have a similar forfeiture

19  issue or restitution?

20           MR. LIND:  Similar to what?

21           THE CLERK:  Everybody else; you want to brief

22  it?

23           MR. LIND:  I might as well reserve the right

24  to.

25           THE CLERK:  45 days.  Disposition of remaining

20

                              Proceedings

1    counts or underlying indictments?

2             MS. MERKL:  Your Honor, the government moves to

3    dismiss the open counts in the underlying indictment.

4             THE COURT:  They're dismissed.

5             THE CLERK:  Has the defendant agreed to waive

6    his right to appeal (indiscernible)?

7             MS. MERKL:  Yes, your Honor, (indiscernible)

8    365.

9             MR. LIND:  (Indiscernible).  I mean --

10            THE CLERK:  If he has a right to an appeal,

11   have you advised counsel, does he understand that if he

12   has a right to appeal, he can do so?

13            MR. LIND:  I will advise him of that.  I just

14   want to be on the record as I (indiscernible).

15            MS. MERKL:  And your Honor, the issue of a

16   fine, just for the oral pronouncement of sentence?

17            THE COURT:  No fine.

18            MS. MERKL:  Thank you.

19            THE CLERK:  Thank you, counsel.

20            MR. LIND:  Thank you very much.

21                 (Matter concluded)

22                      -o0o-

23

24

25

21

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **19th** day of **November**, 2019.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656
Transcriptions Plus II, Inc.